### T. M. GREENING V. J. W. KEEL ET AL.

#### No. 7240.

1. **Taking Depositions.** — While it is the right of a party to ascertain from a witness what he knows about the case, for guidance in propounding interrogatories to such witness, it is improper for his answers to be first taken in writing, under oath or otherwise, and for them when so taken to be used to aid or influence the witness in answering interrogatories subsequently propounded. Depositions so taken should be suppressed, because it should be conclusively presumed that the witness may have been influenced by the course pursued.

2. **Depositions—Competent Answer.**—An interrogatory was: "State whether or not you know of his (referring to Dr. Solomon Keel) patenting any land in Grayson County; and if so, state all you know in regard to his claims to said land and in regard to his connection with the land." The witness answered: "From about 1847 to 1850 I was enrolling agent for Peters' Colony. My territory extended  *  *  *  During that time I enrolled Solomon Keel as a settler in Peters' Colony, and reported him as a settler entitled to 320 acres of land on Little Elm Creek, in Grayson County, and the land is now known as the Solomon Keel survey. I understood the land was patented to him, but I never saw the patent." *Held*, that the answer was responsive to the latter part of the question, and was properly admitted.

3. **Irrelevant Testimony.** — See example of irrelevant testimony drawn out on cross-interrogatories—conversations of the witness with others touching his testimony.

4. **Remedy Against Warrantor — Practice.** — The defendant in an action of trespass to try title asked that his warrantor be made a party. No citation was served upon him. *Held*, that until served with citation, or by appearance the warrantor was brought into the suit, no relief could be adjudged against him upon the breach of his warranty of title to the land.

APPEAL from Grayson. Tried below before Hon. A. C. TURNER, Special District Judge.

No statement is necessary.

*Hare, Edmondson & Hare, E. C. McLean,* and *Brown & Bliss,* for appellant, cited Rev. Stats., arts. 2219, 2229; Lindsay v. Jaffray, 55 Texas, 626; Smith v. Chenault, 48 Texas, 455; Stewart v. Hanson, 35 Me., 506; Kinney v. Vinson, 32 Texas, 125; Styles v. Gray, 10 Texas, 503; Hooper v. Hall, 35 Texas, 82; Hughes v. Lane, 6 Texas, 289; Greening v. Keel, 72 Texas, 207; Zapp v. Michaelis, 58 Texas, 270; Willis v. Lewis, 28 Texas, 185; 1 Greenl. on Ev., sec. 108; 1 Phil. on Ev., sec. 183, note 79.

*C. N. Buckler* and *Bryant & Dillard,* for appellees, cited Woosley v. McMahan, 46 Texas, 62; Railway v. Gage, 63 Texas, 568, 575; Bonart v. Waag, 61 Texas, 33; Johnson v. Crawl, 55 Texas, 576; Sayles' Civ. Stats., art. 1358, note 2; Greening v. Keel, 72 Texas, 207.

HENRY, ASSOCIATE JUSTICE. — This suit was brought by the appellees to recover 320 acres of land patented to Solomon Keel. This is the second appeal from a judgment in the cause. Greening v. Keel, 72 Texas, 207.

It appears that there were two men named Solomon Keel. One of them was an old man known as Dr. Solomon Keel. It is under him that the appellees claim title to the land. The other one was a young man known as "Red" Keel. The appellants claim that the certificate was issued to him.

The case was tried by a jury, and judgment was rendered for the plaintiffs as the heirs of Dr. Solomon Keel. The evidence was conflicting as to which of said Keels was entitled to and received a grant of the land as a member of Peters' Colony.

The defendant caused the deposition of B. F. Carpenter to be taken, to prove that the certificate was issued to "Red" Keel. His evidence on the issue was both material and favorable to the defendant. Subsequently the plaintiffs caused some written interrogatories to be privately presented to the said Carpenter and his answers to be taken to them and written down. This was all done without the knowledge of the defendant. Afterward the plaintiffs filed interrogatories to the witness, and having caused defendant to be served with notice, had his deposition taken under a commission. Neither the private interrogatories nor the answers made to them were made part of or attached to the interrogatories served upon the defendant, but in the ones so served the witness was asked to examine the private interrogatories and answers thereto, which were produced by the officer who took his deposition, and the witness testified that they were correct, and attached the answers to his deposition. The witness appears to have testified to substantially the same facts in response to the interrogatories served upon the defendant that he did to the others.

The defendant filed a proper motion to suppress the entire deposition of the witness so taken. The court refused to suppress the deposition, for the reason stated in the bill of exceptions, that "the answers of Carpenter taken by E. P. Hill were informally taken as a guide to the plaintiffs' attorney in propounding other interrogatories to the witness, which was subsequently done, and notice given to defendant's counsel, who crossed the same. The answers so taken by Hill while attached to the legal deposition of Carpenter were not read in evidence by the plaintiff, but upon his refusal to read them they were read by defendant's counsel."

It was unquestionably the right of the plaintiffs to ascertain from the witness what he knew about the case, for their guidance in propounding interrogatories to him. But it was not proper for his answers to be first taken in writing, under oath or otherwise, and for them when so taken to be used to aid or influence him when he came to give his deposition. Perfect equality and fairness is of so much importance in the act of taking depositions that such transactions must be condemned without regard to the motive or their actual effect at the time. We attach no importance to the facts that the plaintiff declined to read the improperly taken answers, and that the defendant, who was objecting to them, did read them. The defendant properly asked to have the whole deposition excluded, and he probably thought it expedient to read them himself in order to get the question fully before this court.

We are not advised in what form the private questions were put. They may have been leading, and thus tending to an undue advantage. The fact that the witness was aged and of a somewhat infirm memory, and that the examination was mainly about the dates of very old transactions, are well calculated to add to our doubts about the propriety of the course pursued with him; but independently of any of these things, we are of the opinion that the deposition should have been suppressed, because it should be conclusively presumed that the witness may have been to some extent influenced by the course pursued. For this error the judgment must be reversed.

It is complained, that the court erred in overruling the written motion of appellant to strike out the answer of Robert Atchison to the sixth direct interrogatory, as said answer was not responsive to the interrogatory.

The sixth interrogatory was as follows: "State whether or not you know of his (referring to Dr. Solomon Keel) patenting any land in Grayson County; and if so, state all you know in regard to his claim to said land and in regard to his connection with the land."

To this question the witness answered: "From about 1847 to 1850 I was enrolling agent for Peters' Colony. My territory extended from the middle of Collin County on the south to Red River on the north, and

from the east to west points of said colony. During that time I enrolled Solomon Keel as a settler in Peters' Colony, and reported him as a settler entitled to 320 acres of land on Little Elm Creek, in Grayson County, and the land is now known as the Solomon Keel survey. I understood the land was patented to him, but I never saw the patent."

We do not think that the answer should have been excluded. It is, we think, directly and properly responsive to the last clause of the question, the first part of which relates only to the patent, and if the question had stopped at that the objection would have been well taken. The question could have been divided. If that had been done, then in order to avoid making the interrogatory leading it would have been appropriately put in the language used to obtain information with regard to his being a colonist, and his rights as such.

The defendant's witness Stacy Scott, in a cross-interrogatory propounded by plaintiff, was asked: "Have you talked with any one about your testimony in this case; and if so, with whom did you talk, and what was said?" To which the witness answered: "I have talked with E. C. McLean. He asked me if I ever knew such a man as Solomon Keel. I told him I knew a man named Red Keel, and I then described this man Keel to him as I have described him in my depositions. I also talked to B. F. Carpenter about Red Keel, asking him if he (Solomon Keel) was not the man we called Red Keel, who had worked for Tom Rutledge. He (Carpenter) said he was the same man."

The plaintiff, although he had asked the question himself, without withdrawing the question objected orally during the progress of the trial, without assigning any grounds of objection. The court after hearing the objection struck out all of the answer of witness as to the conversation with B. F. Carpenter, and permitted the reading of the portion of the answer as to conversation with E. C. McLean.

We think the ruling of the court was correct, if the proper objection had been made. The evidence, however, should not have been excluded except upon some specific objection assigned, and which should be shown by the bill of exceptions taken to the ruling.

The defendant in his answer prayed for a judgment over against one W. E. Keel, his warrantor, in the event of a judgment against him for the land, but it does not appear that said Keel was ever cited or voluntarily became a party.

The appellant complains of the failure of the court to charge the jury, that if they found in favor of the plaintiffs they should also find for the defendant on his plea against his warrantor. The court should not have given such a charge when the party had not been cited and had not appeared. If the party had been properly made, a charge on

the issue should have been requested by the defendant when it was omitted by the court. If an error in that respect had been committed, it would not have been a cause for reversal as to the plaintiffs.

We do not deem it necessary or proper to comment upon the remaining assignments further than to say, that we think the charge of the court was as favorable to the defendant as the facts justified.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered April 15, 1892.