KANSAS MUTUAL LIFE INSURANCE COMPANY V. R. P. PINSON, ADMINISTRATOR.

No. 1011.  Decided June 10, 1901.

**1.  Life Insurance—Warranty—Family History—Ages.**

An application for life insurance warranted the truth of the statements therein contained, including one that insured had five living sisters aged respectively 52, 50, 47, 45, and 36 years; their respective ages were, in fact, 49, 46, 44, 36, and 33 years; applicant having warranted the truth of the statements, it was not sufficient that they be substantially true or the difference not material to the risk, and the discrepancy was sufficient to avoid the policy. (Pp. 554, 556.)

**2.  Same—Warranty—Literal Compliance.**

While it is not asserted that a literal compliance with such warranty (as to ages of applicant's sisters) would be necessary, the discrepancy in the ages here shown can not be held so irrelevant as to avoid the effect of the warranty. (P. 556.)

Question certified from the Court of Civil Appeals for. the Fifth District, in an appeal from Kauffman County.

*Maurice E. Locke*, for appellant.—The agreements, statements of fact, and answers to questions contained in the application and first (or applicant's) part of the medical examiner's report, constitute warranties. Insurance Co. v. Coalson, 54 S. W. Rep., 388; Fitzmaurice v. Insurance Co., 84 Texas, 61; Insurance Co. v. Hazlewood, 75 Texas, 338; Parish v. Insurance Co., 49 S. W. Rep., 153.

It is essential to the validity of the policy that all warranted statements of fact be correct. No question of materiality or of good faith arises. Fitzmaurice v. Insurance Co., 84 Texas, 61; Hutchison v. Insurance Co., 39 S. W. Rep., 325; Jeffries v. Insurance Co., 22 Wall., 47; Cobb v. Covenant, etc., Assn., 153 Mass., 176; Dwight v. Insurance Co., 103 N. Y., 341; 1 May on Ins., sec. 156; Bliss on Life Ins., secs. 34, 36-39.

*J. A. Cooley, M. H. Gossett*, and *Wm. H. Allen*, for appellee.—The answer given by J. A. Deaton in his application for the policy of insurance in controversy as to the ages of his sisters was substantially true, and the verdict of the jury sustaining the policy upon this issue is amply and fully supported by the evidence.

Before a policy of life insurance can be avoided because of mistake in the ages of collateral relatives, the party that assumes the burden of proof to show breach of warranty must establish same by the best evidence, or at least positive evidence of the breach of warranty touching the ages 'of said kin, and it is not sufficient to prove by witnesses who have not the family record before them, or who never saw such record, and who testified that the ages inquired about were "about" such and such years, or "as near as they can guess." Supreme Lodge v. Dickson, 52 S. W. Rep., 862; 1 May on Ins., sec. 160; Chambers v. Insurance Co., 64 Minn., 495.

BROWN, Associate Justice.—The Court of Civil Appeals for the Fifth District have certified to this court the following statement and question:

"This is a suit to recover on the life insurance policy of James A. Deaton by the appellant. Said policy was issued in pursuance of a written and printed- application therefor made by James A. Deaton on the date of December 29, 1898, and of a report of the medical examination of the said James A. Deaton by the medical examiner. Said application was signed by James A. Deaton. Above his signature were sundry questions and answers and agreements. Among said agreements was one in words as follows: 'I also agree that all the foregoing statements and answers, as well as those that I make, or shall make to the company's medical examiner in continuation of the application, are by me warranted to be true and are offered to the company as a consideration of this contract.' The first part of said

report of the medical examination consists of printed questions propounded to James A. Deaton by the defendant through its medical examiner, and his answers thereto. There is contained in said report of medical examination a statement in tabular form concerning the family record of James A. Deaton. Said statement was to the effect that at the time of making the same said Deaton had three living brothers aged respectively 39 years, 30 years, 28 years, and that he had then five living sisters aged respectively 52 years, 50 years, 47 years, 45 years, and 36 years, and that he had one deceased sister.

"In these said questions and answers is a certificate in words as follows: 'I hereby certify that I have read the foregoing and my answers to the questions and statements are true and correctly recorded, and that I am the same person described above, and that I am now in good health. Signed, James A. Deaton.'

"The policy stipulated: 'In consideration of the statements and agreements in the application for this insurance, which are made a part of this contract, and in further consideration of the payment advanced to the company of the annual premium of,' etc., 'does hereby insure the life of James A. Deaton,' etc. There was attached to the policy a copy of the application and of that portion of the medical examiner's report which was signed by said Deaton.

"The ages of the sisters at the time said application was made, as shown by the evidence, were respectively 49 years, 46 years, 44 years, 36 years, and 33 years.

"Question: Under the terms of the policy, is the discrepancy between the ages of the sisters as stated in the application and their ages as shown by the evidence, such as forfeited the policy of insurance?"

The statements and agreements contained in the application are expressly made part of the policy and must be given the same force as if written into the policy itself. Goddard v. Insurance Co., 67 Texas, 71; May on Ins., sec. 158. The explicit terms in which the statements and warranties are expressed leave no room for doubt that the parties intended to make the validity of the policy depend upon the truth of the statements warranted. The recital in the application that the statements are presented as a "consideration of this contract" and the declaration in the policy that such statements and agreements constitute a part of the consideration for the issuance of the policy support this conclusion. Assuming that the statement accompanying the question certified contains all of the terms of the policy which bear upon the question, we conclude that they constitute a warranty that the ages of the sisters named were correctly stated in the application.

In Goddard v. Insurance Company, cited above, Judge Willie said: "If there has been neither fraud on the part of Goddard nor loss to the company by reason of his noncompliance with the said clause, it can not be said that it was material to the risk, and the policy is not avoided unless the provisions of the clause constitute a warranty. If they did, the law exacts a compliance with their terms according to their true intent and meaning, whether material or not, or whether

known to the assured or not, if he had the opportunity, and it was his duty, under the circumstances, to acquaint himself with them." There is nothing in the facts stated in connection with the question which will take this case out of the general rule that the breach of a warranty in an insurance policy works a forfeiture of the contract. The rule that a substantial performance of a warranty is sufficient does not apply in this case, and we are not called upon to say what would be the effect if the variance between the actual ages and the ages warranted was very slight. Lest the opinion might be misunderstood, we will state that we do not intend to assert that a literal compliance with such a warranty would be necessary, but, in our opinion, the facts do not justify the court in assuming that the discrepancy in the ages is so irrelevant as to avoid the effect of the warranty.

To the question, we answer that the provisions of the policy constitute a warranty of the truth of the statements made in the application, and that the discrepancy between the ages of the sisters as stated and their actual ages caused a forfeiture of the contract of insurance.