### SUPREME RULING OF FRATERNAL MYSTIC CIRCLE v. HANSEN.

(Court of Civil Appeals of Texas. Galveston. Oct. 30, 1913. Rehearing Denied Nov. 13, 1913.)

1. INSURANCE (§ 761*)—MUTUAL BENEFIT ASSOCIATION — REINSTATEMENT OF MEMBER — APPLICATION—WARRANTIES.

An application for reinstatement in a fraternal mutual benefit association having provided that the original application, under which the benefit certificate was issued, should be binding "as of the date of the application for reinstatement," and the original application having warrantied that the member had not had certain diseases, the reinstatement was on a warranty that he had had none of those diseases after the certificate was issued and before the reinstatement.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1924; Dec. Dig. § 761.*]

2. INSURANCE (§ 761*) — WARRANTIES — BREACH.

In the absence of a statute limiting the effect of a breach of warranty, on which one is reinstated to membership in a fraternal mutual benefit association which has issued a benefit certificate on his life, that he has not had certain diseases, the breach works a forfeiture of the contract.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1924; Dec. Dig. § 761.*]

3. INSURANCE (§ 745*)—FRATERNAL ASSOCIATIONS — MISREPRESENTATIONS IN APPLICATION—STATUTES.

Acts 31st Leg. (1st Extra Sess.) c. 36, declaring untrue statements in an application for membership in a fraternal beneficiary association shall not prevent recovery on the benefit certificate unless shown to be material to risk, does not govern a certificate on a member reinstated before the act took effect.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1890; Dec. Dig. § 745.*]

4. INSURANCE (§ 723*)—FRATERNAL ASSOCIATIONS—APPLICATION—STATEMENTS MATERIAL TO THE RISK.

False statements that one had never had dysentery or any disease of the genital organs or undergone a surgical operation are material to the risk, within Acts 31st Leg. (1st Extra Sess.) c. 36, declaring untrue statements in an application for membership in a fraternal beneficiary association shall not prevent recovery on the benefit certificate unless shown to be material to the risk.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1859–1865; Dec. Dig. § 723.*]

Appeal from Fayette County Court; George Willrich, Judge.

Action by Ella Hansen against the Supreme Ruling of the Fraternal Mystic Circle. Judgment for plaintiff. Defendant appeals. Reversed and rendered.

Meador & Davis, of Dallas, for appellant. John T. Duncan, of La Grange, for appellee.

PLEASANTS, C. J. This suit was brought by appellee to recover upon a benefit certificate for $1,000 issued by the appellant, a fraternal mutual benefit association, on the life of Julius Hansen, her deceased husband. In answer to plaintiff's suit the defendant pleaded that the contract of insurance was void because of false statements, representations, and warranties made by the insured in his application for insurance and his application for reinstatement after the lapse of the certificate for nonpayment of dues. The cause was tried in the court below without a jury, and judgment was rendered in favor of plaintiff for $1,000.

The following facts are established by the evidence: In the original application for insurance, which was made on October 19, 1896, and upon which the certificate herein sued on was issued, the deceased, Julius

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Hansen, made the following warranties: "I do hereby warrant the truthfulness of the statements in this petition, and consent and agree that any untrue or fraudulent statement made therein, or to the worthy medical examiner, or any concealment of facts by me in this petition, or any suspension or expulsion from, or voluntarily severing my connection with, this order, shall forfeit the rights of myself, my beneficiaries, and my family, or dependents, to all benefits and privileges therein."

The certificate of insurance, sued on herein, contains the following provisions: "This certificate of membership is issued to Julius Hansen * * * in consideration of the application for this membership, and of the statements and agreements herein contained, and of the warranty of the said member that all answers to the medical examiner in original petition for membership are full, correct, and true, and upon the further conditions that said member complies with the constitution, laws, rules, and requirements of the Supreme Ruling of the Fraternal Mystic Circle now in force, or as the same may be hereafter altered or amended, and that the said application for membership, the medical examination, the constitution and laws, and the benefit certificate are made a part of the contract, as fully as if herein set forth at length. Upon these conditions the Supreme Ruling of the Fraternal Mystic Circle hereby promises and binds itself to pay out of the mortuary fund of said order to his wife, Ella Hansen, upon satisfactory proof of death of said member, while in good standing upon the books of the said the Supreme Ruling of the Fraternal Mystic Circle, the sum of two thousand dollars. * * * I hereby accept this certificate on the terms and conditions named therein, this 18th day of November, 1908. [Signed] Julius Hansen."

In the "Statement of the Medical Examiner" made by Julius Hansen, appears the following:

"(7) Have you ever been subject to or had any of the following disorders or diseases? (Answer 'Yes' or 'No' to each.) * * * Bilious, renal, or hepatic colic? No. Cancer or any tumor? No. Catarrh? No. Chronic diarrhea? No. Disease of the liver? No. Disease of the stomach? No. Dysentery? No. Dyspepsia? No. Ulcers or open sores? No. Any disease of the genital or urinary organs? No."

"(16) Have you undergone any surgical operation? No."

The laws of the defendant order provide that, in the event any member shall obtain admission or reinstatement into the order by false or untrue answers in application of medical examination, regarding personal or family history or present condition of health, the certificate shall be void, and no right of recovery against the defendant order shall exist.

Deceased remained a member in good standing of appellant association until December 31, 1908, when he was suspended for nonpayment of dues, and remained suspended until June 24, 1909, when he was reinstated upon his application for reinstatement, which was made on May 31, 1909. This application contains the following warranties and agreements: "I hereby warrant and declare that I am now [May 31, 1909] in sound health; that there is no cause in connection with my physical condition that would be a bar to my securing life insurance or in any way shorten my life; that I am not afflicted with any physical or mental defect or infirmity; that I have never suffered, nor am I now suffering, from tuberculosis, consumption, spitting of blood, habitual cough, * * * diseases of the liver or kidneys, or cancer. * * * I expressly agree that the original application for membership under which said certificate was issued shall be effective and binding, the same as if made to said Fraternal Mystic Circle at this date. Now, in consideration of the foregoing statements and warranties * * * I hereby request that I may be reinstated, and I agree that * * * my reinstatement shall be valid and binding only in consideration that such statements and warranties herein and in said petition are full, complete, and true, and the only statements and warranties in consideration of which I am reinstated, and, if any of them are untrue, my said membership shall be null and void, and I further agree that the receipt of future payments by said Fraternal Mystic Circle shall not estop the order from defense on account of any false statement herein or in said petition."

At the time this application was made the deceased also presented to appellant a petition for reinstatement signed by him. This petition contains the following statements and agreements: "I, Julius Hansen, * * * do hereby certify that I am, on the day and year above written [May 31, 1909] of * *, * sound constitution, in good health, and free from all diseases and infirmities, and I hereby repeat all statements and warranties contained in my petition for membership, and warrant the same and statement herein or to the worthy medical examiner, and each of them, to be full, complete, and true. I further certify that there has been no change in my family history, and that I have had no severe illness, local disease, or personal injury since the date of my original petition and examination for membership in this order. * * * Now, in consideration of the foregoing statements and warranties, * * * I hereby request that I may be reinstated in said ruling under said benefit fund certificate, and I agree that * * * my reinstatement shall be valid and binding only in consideration that such statements and warranties herein and in said petition are full, com-

plete, and true, and the only statements and warranties in consideration of which I am reinstated, and, if any of them are untrue, said membership shall be null and void, and I further agree that the receipt of further payments by said ruling shall not estop this order from defense on account of any false statements herein or in said petition."

The undisputed evidence shows that the deceased was operated on for hydrocele in November, 1908, and again in April, 1909. He had an attack of dysentery in April, 1909, and at that time was sick for several days. The physician who operated on him for hydrocele testified that at the last operation he advised deceased to consult another physician, because he had reached the conclusion that deceased had cancer of the testicle, or that such disease was developing, as he was then annoyed with pains in the testicle. In March, 1910, the year after his reinstatement, his testicle was removed. He died in August, 1910, from cancer of the intestines.

There is evidence sufficient to sustain the finding of the trial court that at the time the deceased made his application for reinstatement in May, 1909, he was in good health, and was not then suffering from, and had never had, any of the diseases mentioned in said application. The only disease mentioned in this application which the evidence tends to show he had before the application was made is cancer, and, while it seems to us that the preponderance of the evidence shows that he had this disease before his application for reinstatement was made, there is evidence to sustain the finding of the court that said disease did not develop until several months after the deceased was reinstated.

[1] We do not, however, agree with the learned trial judge and counsel for appellee in the proposition that appellee's right to recover in this case depends upon the condition of deceased's health at the time his application for reinstatement was made, and the truth or falsity of his warranty in said application that he had never had any of the diseases therein mentioned. In addition to the warranty that he had never had any of the diseases named in the application, he agreed that the original application, under which the certificate was made, should be binding as of the date of the application for reinstatement, and in his petition for reinstatement, which accompanies his application, he says: "I hereby repeat all statements and warranties contained in my petition for membership, and warrant the same and statements herein as to the worthy medical examiner, and each of them, to be full, complete, and true." In his application for reinstatement he makes the following agreement: "I agree that my reinstatement shall be valid and binding only in consideration that such statements and warranties herein and in said petition are full, complete, and true, and the only statements and warranties

in consideration of which I am reinstated, and, if any of them are untrue, my membership shall be null and void, and I further agree that the receipt of future payments by the Fraternal Mystic Circle shall not estop the order from defense on account of any false statements herein or in said petition."

By the explicit terms of the instruments before set out which, together, evidence the contract between the parties, the validity of the certificate depends upon the truth of the statements made to the medical examiner. It is shown by the undisputed evidence that at least three of these statements were false, namely, that the deceased had never had dysentery, had never had any disease of the genital organs, and had never undergone a surgical operation. As before stated, the undisputed evidence shows that he suffered from hydrocele, a disease of the testicle, in 1908 and 1909, before his application for reinstatement was made, that he had been operated on twice to obtain relief from said disease, and that he had dysentery in April, 1909.

[2] In the absence of any statute limiting the effect of a breach of warranties in contracts of this kind, it is well settled that such breach works a forfeiture of the contract. Insurance Co. v. Pinson, 94 Tex. 553, 63 S. W. 531; Supreme Lodge v. Payne, 101 Tex. 449, 108 S. W. 1160, 15 L. R. A. (N. S.) 1277.

[3] In the case of Modern Order of Prætorians v. Hollmig, 100 Tex. 623, 103 S. W. 476, it was decided that the act of 1903 (article 4947, Revised Statutes 1911), which declares "that any provision in any contract or policy of insurance issued or contracted for in this state which provides that the answers or statements made in the application for such contract, or in the contract of insurance, if untrue or false shall render the contract or policy void or voidable shall be of no effect and shall not constitute any defense to any suit brought upon such contract, unless it be shown upon the trial thereof that the matter or thing misrepresented was material to the risk or actually contributed to the contingency or event on which the policy became due and payable, and whether it was material and so contributed in any case shall be a question of fact to be determined by the court or jury trying such case," does not apply to fraternal beneficiary associations. To meet the defect in the statute pointed out in this decision, the Legislature in 1909 passed an act relating to certificates issued by fraternal beneficiary associations similar to the act above quoted. Acts 31st Legislature, 1st Extra Sess., p. 359. This act did not take effect until July 31, 1909, which was two months after the application of Hansen for reinstatement was made and more than a month after said application had been granted. The contract sued on in this case, having been made before the act referred to was passed, is not governed thereby.

[4] If, however, the act could be held to apply, we think the false statements were clearly material to the risk. In a case between the parties to this appeal involving a certificate issued at the time the certificate herein sued on was issued, and which was forfeited and reinstated upon application made by the deceased at the same time, and identical in all respects with the application in this case, the Court of Civil Appeals for the Fourth District held that the warranties breached in that case, which were the same shown to be breached in this, were as a matter of law material to the risk. Supreme Ruling v. Hansen, 153 S. W. 351. A writ of error was refused in this case. While we do not think it necessary to decide the question in determining this appeal, we agree with the conclusion expressed in the case cited.

It follows from what we have said that the judgment of the court below should be reversed, and judgment here rendered for appellant, and it has been so ordered.

Reversed and rendered.