## THE HOMESTEADERS v. BRIGGS.†

(Court of Civil Appeals of Texas. Dallas. April 11, 1914.)

INSURANCE (§ 723*)—MUTUAL BENEFIT INSURANCE — WARRANTIES — STATEMENTS AS TO HEALTH.

Where the application for mutual benefit insurance warranted that the answers concerning the health of the applicant were proper, that the truth thereof should be a condition precedent to the contract, and that the certificate issued thereon should be void if the answers were untrue or evasive, and the certificate contained a warranty of good health and made the application a part thereof, the answers relating to the applicant's health were warranties, and if they were untrue the beneficiary cannot recover on the certificate.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1859–1865; Dec. Dig. § 723.*]

Appeal from District Court, Limestone County; H. B. Daviss, Judge.

Action by S. S. Briggs against The Homesteaders. Judgment for the plaintiff, and defendant appeals. Reversed, and judgment rendered for defendant.

Locke & Locke, of Dallas, for appellant.

RAINEY, C. J. Simeon Singleton Briggs sued The Homesteaders to recover on a certificate insuring the life of appellee's wife, Angie O. Briggs, for his benefit. The order defended on the ground that various misstatements were made in the application for the certificate by Mrs. Briggs, as to her physical condition, etc. The trial resulted in a verdict and judgment in favor of appellee, from which this appeal is taken.

The defendant requested a charge to the effect that under the evidence the plaintiff was not entitled to recover and the jury should find for defendant.

In the written application for insurance made by Mrs. Briggs, she made statements in answer to certain interrogatories as follows:

"1. A. Are you in strong, robust health and free from disease? Yes. B. How long have you been so? Most life. * * *

"3. * * * B. Has any physician ever given an unfavorable opinion of your physical condition with reference to life insurance or otherwise? No. (Who and when?) No. * * *

"5. Have you now or have you ever had any of the following diseases or symptoms? (The examining physician will require the person being examined to answer the following separately and explain the meaning of the terms used so that the answers may be true and correct.) A. * * * bronchitis, * * * chronic cough, consumption, la grippe, * * * pneumonia, spitting blood, or any other disease of the throat or lungs? No. * * * E. * * * Shortness of breath? * * * No. * * * G. * * * malaria, * * * or any disease not mentioned? No.

"6. Have you consulted or been under the care of a physician any time within the past ten years? Yes. (Explain fully, giving cause of illness, dates and names and addresses of all physicians consulted.) Dr. Herring, Mexia, Texas. If any of the above have been answered 'yes' please explain fully in the following form:

| Disease or Injury. | Date. | Duration. | Was Recovery complete? | Attending Physician. |
|---|---|---|---|---|
| Pneumonia | 1906 | 2 Weeks | Yes | Dr. I. H. Herring. |

"13. Is there any fact relating to your physical condition, personal or family history or habits which has not been stated in the answers to the foregoing questions and with which the society ought to be made acquainted? No.

"14. Have you reviewed each and all of the above questions and answers to the same, and are you sure they are correct? Yes."

The application signed by Mrs. Briggs also stipulates: "I declare and warrant that * * * the above statements, together with the statements and answers made, or to be made, by me in other parts of this application are literally true. I further agree that any untrue statement or answer, or any concealment of facts, intentional or otherwise, in this application (including the succeeding parts hereof) · * * * shall forfeit the rights of myself and my beneficiary, or beneficiaries, to any and all benefits to be derived from my membership in said society. I do hereby declare and warrant that the above are fair and true answers to the foregoing questions and agree that the truth of the answers to the said questions shall be a condition precedent to any contract or certificate issued upon the faith of said questions and answers; and it is acknowledged and agreed by the undersigned that this application shall form a part of my contract with this society and that if there be, in any of the answers herein made, any untrue or evasive statements or any misrepresentations or concealment of facts, then any certificate granted hereon or membership obtained in this society shall become null and void and all payments made by me or for me on account of said membership shall be forfeited to the society. I further agree that * * * if any answer or statement made in this application * * * is not literally true, * * * then any benefit certificate issued on this application * * * shall become immediately void and of no effect, and all money paid thereon shall be forfeited to said society."

The benefit certificate contains the following provision: "I hereby warrant that I am in good health and that no change has occurred in any condition or respect as set forth in my application, which application is made a part of this certificate and I accept

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

† Application for writ of error pending in Supreme Court.

this benefit certificate and agree to all the conditions therein contained, and I also understand and agree that the constitution and by-laws of the society as the same now are or may be hereafter enacted, together with the application and this certificate, shall constitute my contract with this society."

The evidence shows that Mrs. Briggs at the time of signing the application for insurance was not in strong, robust health, but that she was delicate and sickly. In the application when questioned as to having certain diseases, among them, pneumonia, and a cough, she answered, "No," when in fact the evidence conclusively shows that she had a hacking cough and had had pneumonia several times. In answer to the question if she had been under the care of a physician in the last ten years and if the recovery was complete, she answered that she had pneumonia in 1906, and that recovery was complete, when the evidence shows that she had a spell of pneumonia in 1909, and was seriously ill, and after which she gradually drifted into consumption, from which she died in November, 1910. The evidence also shows that if she had answered said questions truthfully it would have shown her physical condition such as that she could not have procured insurance.

The answers of Mrs. Briggs relating to her health were material to the risk and constituted warranties, and, said answers being untrue, the appellee has no right to recover. Insurance Co. v. Pinson, 94 Tex. 553, 63 S. W. 531; Sup. Lodge v. Payne, 101 Tex. 449, 108 S. W. 1160, 15 L. R. A. (N. S.) 1277.

The judgment is reversed, and judgment is here rendered for appellant.