## ATLANTA MUT. INS. ASS'N v. HEARD.
### No. 4015.

Court of Civil Appeals of Texas. Texarkana.
May 21, 1931.

O'Neal & Harper, of Atlanta, for appellant.

Bartlett, Harvey & Bartlett, of Linden, for appellee.

WILLSON, C. J. (after stating the case as above).

In her written acceptance of the policy issued to her, Mrs. Heard agreed, if she had made any misstatement as to her health or physical condition in her application therefor, that the policy should "become null and void." In the application referred to, Mrs. Heard stated that she was then in good health. The jury having found on uncontradicted testimony that she was, instead, in bad health, and knew she was at the time she made the statement, appellant insists the judgment should have been in its favor, and that the trial court, therefore, erred when he overruled its motion that he render such a judgment.

The contention should be sustained, unless it ought to be held that the finding that the false representation as to her health was not made by Mrs. Heard "wilfully and with intent to deceive," or the finding that appellant in issuing the policy did not rely upon the statement as true, warranted the judgment in appellee's favor.

As to the first one of the two findings just specified, appellant insists it did not warrant the judgment rendered, because, it says, the representation in its legal effect was a warranty the breach of which worked a forfeiture of the contract evidenced by the policy, without reference to whether the false statement in question was made "wilfully and with intent to deceive" or not. We think the contention should be sustained. Judd v. Aid Ass'n (Tex. Civ. App.) 269 S. W. 284; Ins. Co. v. Pinson, 94 Tex. 553, 63 S. W. 531; Ins. Co. v. Harris, 26 Tex. Civ. App. 537, 64 S. W. 867; Ins. Co. v. Owens, 60 Tex. Civ. App. 398, 130 S. W. 858; Modern Order of Praetorians v. Davidson (Tex. Civ. App.) 203 S. W. 379; Woodmen v. Atcheson (Tex. Civ. App.) 219 S. W. 537; Ins. Co. v. Richbourg (Tex. Com. App.) 257 S. W. 1089; Hemphill County Home Protective Ass'n v. Richardson (Tex. Civ. App.) 264 S. W. 294, 297. The provision in subdivision 4 of art. 4732, R. S. 1925, that statements made by the insured shall "be deemed representations and not warranties," is not in conflict with the conclusion reached, because by its terms it applies only in the absence of fraud. Certainly the statement that the insured was in good health when she was in bad health, and knew she was, was fraud within the meaning of the statute, as to appellant, if it did not know the statement was false, and was induced to issue the policy by its reliance on the truth of the statement.

As to the other one of said two findings, appellant insists it was without evidence to support it, and that for that reason the finding could not be treated as a sufficient basis for the judgment rendered. The theory of appellee was that in issuing the policy appellant did not rely upon the statement of Mrs. Heard in the application that she was in good health but, instead, relied upon information as to the condition of her health it obtained by an investigation it made for that purpose. It may be conceded it appeared appellant started an inquiry to ascertain the state of Mrs. Heard's health, but it must be said there was an absence of any evidence showing it succeeded in obtaining any information by such inquiry. It conclusively appeared that all the information appellant had as to the matter was the statement of Mrs. Heard in her application that she was in good health. In that state of the record, we do not think it should be held that the judgment was sustainable on the theory advanced by appellee.

As we view it, the judgment is wrong. It should have denied appellee a recovery of anything, and have been in appellant's favor for costs. Therefore, it will be reversed, and judgment will be here rendered in appellant's favor.