**BROTHERHOOD OF RAILROAD TRAIN-
MEN v. WOOD.**

**No. 3116.**

Court of Civil Appeals of Texas. El Paso.
Jan. 17, 1935.

Rehearing Granted Feb. 14, 1935.

Rehearing Denied Feb. 28, 1935.

See, also, 67 S.W.(2d) 636.

T. W. Davidson and Davidson, Randall & Gray, all of Dallas, for appellant.

C. F. Cusack, of Dallas, for appellee.

HIGGINS, Justice.

Upon an application dated June 28, 1927, the Brotherhood of Railroad Trainmen issued to the applicant, Arthur W. Wood, a class G certificate of insurance dated August 1, 1927, by the terms of which the brotherhood agreed to pay Wood $5,000 in the event of total and permanent disability as defined by section 68 of the constitution and general rules of the brotherhood.

Section 68 provided, among other matters, that one who shall suffer the complete and permanent loss of sight of one or both eyes should be considered totally and permanently disabled. On August 18, 1931, Wood made claim for total and permanent disability because of complete and permanent loss of sight of one eye. The claim was rejected, and this suit was filed by Wood to recover $5,000 upon the certificate as for total and permanent disability and to recover $147.40 beneficiary assessments upon his certificate paid after the month of the alleged loss of sight and which the brotherhood was obligated to refund under section 78 of its constitution and general rules if Wood had become totally and permanently disabled as alleged.

The certificate provides: "This certificate is issued upon the express condition that the said A. W. Wood shall comply with the Constitution, General Rules and Regulations, now in force or which may hereafter be adopted by the within named Brotherhood, which, as printed and published by the Grand Lodge of the said Brotherhood, with the application for this certificate as signed by him, and the medical examination of the said A. W. Wood, copies of which application and medical examination are attached hereto, all of which are made a part hereof, and together with this certificate constitute the contract between said A. W. Wood and said Brotherhood."

Photostatic copies of the application and medical examiner's report were attached to the certificate.

The first page of the application, form A, contains various questions propounded to the applicant and his answers thereto. Below appears:

"I hereby warrant the foregoing statements and answers to be true, full and complete.

"[Signed] Arthur William Wood."

On another page of the application, form B, are certain questions to be propounded to the applicant by the medical examiner and the answers to such questions.

Following these questions and the answers thereto appears the following:

"Note Carefully the Following Declaration and Agreement.

"I, the undersigned applicant, hereby agree * * * that all the foregoing statements and answers to questions in Forms 'A' and 'B' I adopt as my own, admit to be material, warrant to be true, full and complete, and make the basis of the contract with said Brotherhood, and in the event any untrue or incomplete statements or answers have been made this contract shall be null and void and of no effect."

Below appears the signature of Wood and the medical examiner.

Among other defenses the brotherhood set up the falsity of the age of Wood as stated in the application and the falsity of other statements contained in the application.

The jury found:

(1) On June 28, 1927, at the time plaintiff signed the application for the certificate in question, he had never had any disease or injury to his eyes.

(2) On June 28, 1927, the acuity of his eyes had never been questioned. .

(3) At the time the claim for disability was made by plaintiff on August 18, 1931, plaintiff had suffered a complete and permanent loss of sight of his right eye.

(4) The answer "No," written in response to the question: "Do you use alcoholic stimulants?" in the application dated and signed by plaintiff on June 28, 1927, was not false.

Question No. 5 was submitted conditionally and not answered because of the answer returned to Question No. 4.

(6) The year 1893, written in response to the question of the plaintiff's date of birth in his application June 28, 1927, was incorrect.

(7) The defendant knew the correct date of plaintiff's birth prior to August 18, 1931.

(8) The answer to question H in the application, "Have you ever had any illness or injury other than as stated above?" was not false.

The plaintiff filed motion for judgment notwithstanding findings 6 and 7 upon the ground that such findings were immaterial because the undisputed evidence showed that defendant had waived any right to forfeit because of the falsity of the statement of plaintiff's age as contained in the application. This motion was sustained and judgment rendered in favor of plaintiff as prayed.

On the first page of the application, form A, Wood stated his age to be 33 years 11 months, and July 19, 1893, as the date of his birth. On this same page and form appear question 4A: "Do you use alcoholic or other stimulants?" and question 4B: "If so, state definitely what kind, and the amount used daily or per week." Question 4A was answered "No," and no answer given to 4B.

On the second page, form B, to be filled in by the medical examiner are a number of questions inquiring whether he had ever been afflicted with certain diseases or injuries. Among the diseases thus specifically inquired about typhoid fever was not mentioned. Then follow questions 5H and 5I, as follows:

"H. Have you ever had any illness or injury other than as stated above?"

"I. Have you ever undergone any surgical operation? If so, state particulars."

Both of these questions were answered "No."

The evidence shows that Wood was born July 19, 1895; that in 1909 he was ill from typhoid fever; it was also shown that prior to the date of his application Wood had a slight injury to one hand. With reference to the use of alcoholic stimulants Wood testified, in substance, that he had always used same very moderately, but for three or four years prior to the trial (December, 1933) he had been a total abstainer.

## Opinion.

Fraternal benefit societies as defined by article 4820, R. S., as amended by Acts 1931, c. 48, § 1 (Vernon's Ann. Civ. St. art. 4820), are exempt from the general insurance laws of the state. Article 4823. That appellant is a fraternal benefit society within the purview of the statute is not questioned by appellee.

According to the general rules governing insurance contracts, the falsity of a warranty defeats recovery upon such a contract without regard to the materiality of the warranty. 6 Tex. Jur. title Beneficial Associations, § 70; 12 Tex. Jur. title Insurance, § 183. Supreme Lodge, etc., v. Payne, 101 Tex. 449, 108 S. W. 1160, 15 L. R. A. (N. S.) 1277; Kansas M. L. I. Co. v. Pinson, 94 Tex. 553, 63 S. W. 531; Goddard v. Ins. Co., 67 Tex. 69, 71, 1 S. W. 906, 60 Am. Rep. 1; Hutchison v. Hartford L. & A. Ins. Co. (Tex. Civ. App.) 39 S. W. 325; W. O. W. v. Wernette (Tex. Civ. App.) 216 S. W. 669; Supreme Ruling, etc., v. Hansen (Tex. Civ. App.) 153 S. W. 351; Modern Woodmen, etc., v. Owens (Tex. Civ. App.) 130 S. W. 858; National, etc., v. Miller (Tex. Civ. App.) 43 S.W.(2d) 623.

Appellant invokes this rule, and asserts that the false statements in the application in the particulars indicated defeat recovery.

As to the misstatement of age, the evidence shows conclusively that shortly after the issuance of the certificate the appellant learned that the age of Wood and date of his birth had been incorrectly stated in the application. With such knowledge appellant continued to make assessments against appellee, collect and retain the same. Under numerous authorities this operated as a waiver of such ground of forfeiture and estops the appellant from avoiding the contract upon such ground. 6 Tex. Jur. p. 483, § 95.

The injury to appellee's hand was a slight cut some years before the contract between the parties, which it was necessary to stitch. The cut became slightly infected, and Wood was unable to work for about two weeks because of such infection.

Questions H and I are to be given a reasonable construction. A construction should not be placed thereon which would lead to an absurdity. We do not regard the trivial injury to plaintiff's hand and the stitching of

the same as an injury or surgical operation within the intent and meaning of questions H and I. See Goddard v. Ins. Co., supra. For this reason we do not regard as false, in a proper sense, the negative answers returned to such questions.

■ But the answer to question H was false, for Wood had typhoid fever in 1909. Under the strict obligation imported by warranties in contracts of insurance, requiring the truth of statements warranted, such falsity pre-cludes recovery under the authorities first above cited.

■■ We are of the further opinion that Wood's own testimony shows such an habitual or customary use of alcoholic stimulants until three or four years before the trial as to render false the negative reply to question 4A, and this falsity also avoids the policy. Certainly, in the state of the evidence as to such use, it was incumbent upon him to answer question 4B, and his failure so to do rendered his statements with reference to the use of alcohol incomplete, thereby breaching the warranty that his statements and answers were full and complete.

■■ We cannot agree with appellee that the statements made in the application are to be regarded as representations rather than warranties.

It is true the word "warrant" is not to be construed as necessarily creating a warranty in law. Reppond v. National L. I. Co., 100 Tex. 519, 101 S. W. 786, 11 L. R. A. (N. S.) 981, 15 Ann. Cas. 618.

In Phœnix Assurance Co. v. Munger Improved Cotton Mach. Mfg. Co., 92 Tex. 297, 49 S. W. 222, 225, Justice Denman defined a warranty in an insurance contract as follows: "A warranty in an insurance contract is a statement made therein by the assured, which is susceptible of no construction other than that the parties mutually intended that the policy should not be binding unless such statement be literally true."

Tested by this definition, the language, "I, the undersigned applicant, hereby agree * * * that all the foregoing statements and answers to questions in Forms 'A' and 'B' I adopt as my own, admit to be material, warrant to be true, full and complete, and make the basis of the contract with said Brotherhood, and in the event any untrue or incomplete statements or answers have been made this contract shall be null and void and of no effect," must be regarded as showing the parties mutually intended that the contract should not be binding unless the state-

ments were literally true. That is the plain import and meaning of the language used.

■■ Appellee also invokes the ruling in Equitable L. I. Co. v. Hazlewood, 75 Tex. 338, 12 S. W. 621, 7 L. R. A. 217, 16 Am. St. Rep. 893, and other cases of like nature following same.

The doctrine of those cases has no application to the falsity and incompleteness of the statements concerning the use of alcohol, because it is not contended that the answers to such questions were incorrectly recorded. Appellee's contention in this matter relates to the illness from typhoid fever and injury to his hand. We have already ruled in his favor respecting the injury. The answer to the question concerning other illness was written by the appellant's medical examiner, and appellee testified he told the examiner he had typhoid fever in 1909, who stated he "didn't want any information that far back; just within the last five or ten years."

The ruling in the Hazlewood Case and the other cases cited by appellee was based upon the language of the warranty as to the truth of the statements. Those cases hold that the warranty used did not warrant the truth of the statements as recorded by the insurer's agent. On the other hand, the courts of this state have uniformly held the assured strictly accountable for the truth of answers as recorded by the medical examiner or other agent of the insurer, where the warranty in question so warranted, following in that respect New York L. I. Co. v. Fletcher, 117 U. S. 519, 6 S. Ct. 837, 29 L. Ed. 934. Fitzmaurice v. Mutual L. I. Co., 84 Tex. 61, 19 S. W. 301; Fidelity, etc., v. Harris, 94 Tex. 25, 57 S. W. 635, 86 Am. St. Rep. 813; Supreme Lodge, etc., v. Payne, 101 Tex. 449, 108 S. W. 1160, 15 L. R. A. (N. S.) 1277; Hutchison v. Hartford L. & A. Ins. Co. (Tex. Civ. App.) 39 S. W. 325; Sovereign Camp, W. O. W., v. Lillard (Tex. Civ. App.) 174 S. W. 619.

In the present application Wood adopted as his own "the foregoing statements and answers to questions in Forms A and B." The above authorities plainly hold that the binding force of the language used cannot be avoided by evidence that the medical examiner was informed of the attack of typhoid fever in 1909.

■ If the statements in the applications could properly be regarded as representations rather than warranties, an entirely different question would be presented (see Terry v. Texas Prudential Ins. Co., 77 S.W.(2d) 761, recently decided by this court), but, since appellant is a fraternal benefit society, it is ex-

empt from the provisions of article 4732, R. S., which reduces to the level of representations what would be otherwise treated as warranties in ordinary life insurance contracts.

Since the undisputed evidence shows the falsity of the statements concerning previous illness and use of alcoholic stimulants, the judgment should be reversed and here rendered for appellant. It is so ordered.

### On Rehearing.

In the motion for rehearing, appellee for the first time challenges the status of appellant as a fraternal benefit society, and as such exempt from the operation of the general insurance laws of this state. In this connection appellee invokes the rule that such status is defensive matter which it was incumbent upon appellant to plead and prove. Grand Lodge, etc., v. Prater (Tex. Civ. App.) 2 S.W.(2d) 500.

In 3 Tex. Jur. title Appeal and Error, it is said:

"It is an established principle of appellate procedure that the parties are restricted to the theory on which the case was tried in the lower court."

"The construction placed by the parties on their pleadings in the trial court will ordinarily be adhered to in the appellate court, notwithstanding the fact that such pleadings may be susceptible of an interpretation other than that adopted below."

See sections 111, 112, and 113.

From Boatner v. Provident-Washington Ins. Co. (Tex. Com. App.) 241 S. W. 136, 140, we quote: "The law forbids the assumption of an attitude on appeal inconsistent with that taken at the trial, and on appeal litigants are restricted to the theory upon which the cause was prosecuted or defended in the court below. This principle of law is well settled." Citing many cases.

See, also, A. L. Wolff & Co. v. M., K. & T. Ry. Co. (Tex. Com. App.) 289 S. W. 1000, and Rockhold, etc., v. Lucky Tiger Oil Co. (Tex. Civ. App.) 4 S.W.(2d) 1046.

In his petition plaintiff pleaded:

" * * * The defendant (appellant) is a voluntary un-incorporated association operating under a lodge system composed of one Grand Lodge, having its headquarters in Cleveland, Ohio, and subordinate lodges, chartered by said Grand Lodge, located throughout the United States. * * * That the said Grand Lodge is the Supreme governing and legislative body of the defendant (appellant), and the said defendant (appellant) has adopted a constitution and general rules governing said Grand Lodge and subordinate lodges and their members and their relations each with the other, the same being known as the Constitution and General Rules of the Brotherhood of Railroad Trainmen. That said defendant, (appellee) under and by virtue of sections 58 and 60 of said constitution and general rules, operates and maintains an insurance department, known as the beneficiary department, and issues to its members beneficiary certificates in various amounts and classes, whereby said defendant (appellant) insures its said members against death or disability, said sections providing in part as follows:

" 'Sec. 58. The Grand Lodge shall establish and maintain a fund to be known as the Beneficiary Fund, in which all members, excepting non-beneficiary members, shall participate, same to be disbursed exclusively in paying death, total and permanent disability, and benevolent claims, as described in Sections 68, 69 and 70. The General Secretary and Treasurer shall, in order to maintain said fund, levy assessments monthly upon each beneficiary member. * * * ' "

On trial appellee offered in evidence a certificate which in part reads: "I, the undersigned, George W. Anderson, hereby certify that I am the General Secretary and Treasurer of the Brotherhood of Railroad Trainmen, a voluntary, unincorporated, fraternal beneficiary association; that said organization has a lodge system with a ritualistic form of work and representative form of government; that it has no capital stock and is organized for the mutual benefit of its members and not for profit."

Also the following: "Sec. 58. The Grand Lodge shall establish and maintain a fund to be known as the Beneficiary Fund, in which all members, excepting non-beneficiary members, shall participate, same to be disbursed exclusively in paying death, total and permanent disability, and benevolent claims, as described in Sections 68, 69 and 70. The General Secretary and Treasurer shall, in order to maintain said fund, levy assessments monthly upon each beneficiary member. * * * "

In a deposition, upon examination by his counsel, appellee testified:

"Q. You know what character of an organization the Brotherhood of Railroad Trainmen is? A. Yes, sir.

"Q. What character is it? A. It is a fraternal and beneficiary organization."

It is apparent from the record of the trial court that appellee construed his pleadings as alleging that appellant was a fraternal benefit society and offered evidence to prove its status as such.

The appellant briefed the case upon the theory that its status as such was not contested. Appellee briefed the case from the same viewpoint. The case was argued orally upon the assumption that such status was conceded. Counsel for appellee made no point in that connection. The issue is raised for the first time in the motion for rehearing.

Under the authorities cited above appellee should not be permitted, at this late date, to shift his position and question the sufficiency of his own pleadings and evidence to show that appellant is a fraternal benefit society.

But, since the issue is now raised, the judgment of rendition will be set aside and the cause remanded for retrial.

Such disposition calls for consideration of other questions presented.

■ The assignment is sustained which complains of the overruling of appellant's motion to suppress the deposition of Dr. Jackson, a witness for appellee, who testified to the complete and permanent loss by plaintiff of the sight of one eye. The evidence developed upon the motion shows a state of facts substantially the same as in Greening v. Keel, 84 Tex. 326, 19 S. W. 435. Upon the authority of that case and Rice v. Ward, 93 Tex. 532, 56 S. W. 747, the deposition should have been suppressed.

■ Issue No. 3 reads: "Do you find and believe from a preponderance of the evidence that at the time of the claim for disability made by the plaintiff on, to-wit, August 18, 1931, he had suffered a complete and permanent loss of sight in his right eye?"

The issue is duplicitous, and the objection thereto of appellant upon such ground should have been sustained. Lumbermen's R. Ass'n v. Wilmoth (Tex. Com. App.) 12 S.W.(2d) 972; Texas Employers' Ins. Ass'n v. Henson (Tex. Com. App.) 48 S.W.(2d) 970; Texas E. I. Ass'n v. Comer (Tex. Civ. App.) 42 S.W.(2d) 832; American N. I. v. Callahan (Tex. Civ. App.) 51 S.W.(2d) 1083; Employers' Cas. Co. v. Scheffler (Tex. Civ. App.) 20 S.W.(2d) 833; Indemnity Ins. Co. v. Campbell (Tex. Civ. App.) 19 S.W.(2d) 622; Texas Employers' Ins. Ass'n v. White (Tex. Civ. App.) 32 S.W. (2d) 955; Metropolitan L. I. Co. v. Greene (Tex. Civ. App.) 75 S.W.(2d) 703; Illinois B.

L. A. Co. v. Byrd (Tex. Civ. App.) 69 S.W.(2d) 517.

The fourth proposition is immaterial, in view of the rulings made in the original opinion.

We do not regard the release referred to in the second proposition as releasing and discharging the present claim of appellee. We regard such release as referring to any future liability under the certificate of insurance.

The judgment of rendition heretofore entered is set aside. The judgment is now reversed, and the cause remanded for retrial.