## LEONARD et al. v. WOMAN'S BEN. ASS'N.

### No. 12308.

Court of Civil Appeals of Texas. Dallas.
March 19, 1938.

Lawther & Cramer and Burt Barr, all of Dallas, for plaintiffs in error.

James Mann Miller, of Chicago, Ill., and Runge & Lane, of Dallas, for defendant in error.

BOND, Chief Justice.

Defendant in error is a fraternal benefit society, with its rights, privileges, and obligations governed by article 4820 et seq., R.S.1925, as amended by Acts 1931, 42d Legislature, chap. 48, p. 71, Vernon's Ann.Civ. St. art. 4820 et seq. On January 1, 1930, the society's home office at Fort Huron, Mich., issued on the life of Opal Frank, with Mrs. Goldie Leonard as beneficiary, an insurance policy in the sum of $2,000, reciting that it was issued in consideration of the insured's application, the representations and warranties contained therein. The application was executed in the state of Texas and forwarded to the home office. In giving the family history, the applicant recited that her father was 54 years of age at the time of his death, and that the cause of his death was "rheumatism and influenza"; that her mother was 32 years of age at the time of her death, and that she died because of a childbirth; that neither of her parents had ever had consumption (tuberculosis). The application further recites:

"I (insured) hereby warrant that I have read and do fully understand all the foregoing statements, questions and answers thereto, as contained on pages 1, 2 and 3 of this application (family history included), whether in my own handwriting or that of another person, and all of the said statements, questions and answers thereto are made part of my application and of my contract for benefit membership in the Association, and I do hereby expressly warrant, that all the statements and answers contained in this application, on pages 1, 2 and 3 thereof, are true and absolutely correct in every particular; and I do hereby agree and consent that the benefit certificate in said Association hereby applied for, shall be issued to me upon the strength of the warranties herein contained and in consideration of the application, which is made a part of my contract with said Association; and I further agree that any breach of any of the warranties herein contained shall render my benefit certificate null and void; and all payments made by me shall be forfeited to the Association in case of such voidance."

Opal Frank, insured, died June 17, 1935, 5 years, 5 months, and 17 days after the issuance of the policy of insurance, at the age of 27; the cause of her death is not disclosed by the record.

The case was submitted to the court without a jury and judgment entered in favor of defendant; the trial court finding that the insured, in making the application, deliberately represented to defendant association, for the purpose of securing the beneficiary certificate sued on, that her father and mother died, respectively, of pneumonia-influenza and a childbirth; and that neither had ever had consumption. The representations were found to be false, in that consumption was the primary cause of the death of each of said parents; that at the time of the issuance of the policy and during the lifetime of the insured, the defendant association had no knowledge of the representations and warranties in the application being false.

The policy of insurance, as shown on its face, was issued upon the strength of the representations and warranties, and, in consideration of the application speaking the truth; and since the record shows conclusively that the representations made by the insured were false, it follows, necessarily, that the judgment of the trial court, denying recovery upon the certificate in question, was correct, unless the society either waived the breach of such warranties through one of its officers or officials having either actual or apparent authority so to do, or is estopped, as a matter of law, to insist upon the breach as a ground for avoiding liability on the certificate.

The evidence most favorable to the issue of waiver and estoppel is that, at the time the application was taken, the insured told the district manager, who solicited the application for the society, that she could

not get insurance; that her mother and father both died of "T.B."; she said, "You know I can't get it"; that the solicitor knew her parents, that they had died of tuberculosis; and that, contrary to her answers to questions propounded, the solicitor inserted, without her knowledge or consent, the false answers in her application, representing such inquiries and answers to be immaterial. Fatal to such contention is, that the application expressly states the representations to be warranties; that insured had "read and fully understood" all of the statements, questions, and answers thereto as contained therein; that she warranted such statements, questions, and answers to be "true and absolutely correct in every particular," and agreed that the certificate would issue upon the strength of the warranties; and the application further states that any breach of any of the warranties contained therein would render the certificate null and void. It was the applicant's duty to give correct answers to the inquiries or to cause them to be made, and to read the application before she signed it. However, having trusted the solicitor or district manager to write her answers, thereby expressing her willingness to accept the solicitor's acts and words as to the correctness thereof, she could not escape the responsibility for the answers made; hence, the acts and representations of the solicitor cannot be imputed to the society.

Article 4846, R.S., relating to fraternal benefit societies, provides, among other things, that "The Constitution and laws of the society may provide that no subordinate body nor any of its subordinate officers or members shall have the power or authority to waive any provision of the laws and Constitution of the society, and the same shall be binding on the society and each and every member thereof and on all beneficiaries of members." The constitution, laws, and by-laws (section 81) of defendant society are made a part of the certificate in question by reference; also they limit the authority and power of its district managers and other subordinate officers, excluding the power to waive any provision of its policies, or the laws of the society; and providing (section 428), "No benefit shall be paid on account of the death or disability of a member who has given untrue answers in such member's application for membership * * *"; and (section 480), "Any member may be expelled from the association for * * * making any untrue answer or statement in an application for benefit member-ship * * * regarding such member's * * * family history, or failing to answer fully and truthfully any of the questions propounded in such application."

To hold that the district manager, a soliciting agent for the society, was acting within the scope or apparent scope of her authority in waiving warranties of the certificate, as being immaterial to the risk, would have the effect to nullify and render of no avail the laws of the association, as well as the power conferred by the Legislature by article 4846, authorizing such association to provide for the limitation on the power and authority of its subordinate body and subordinate officers or members, and denying to it the power and authority to limit a waiver of any of the provisions of its laws. Obviously, the district manager, or solicitor, could not do that which she was without power to do and which the deceased had agreed she could not do. Sovereign Camp, Woodmen of the World v. Cameron, Tex.Civ.App., writ refused, 41 S.W.2d 283.

Plaintiff contends that, in the absence of pleadings and proof that the insured died of consumption, it became immaterial that she, in making application for the policy, stated falsely that her father and mother had not died of consumption, since such fact, if true and unknown to defendant's agent, did not contribute in any way to an acceleration of the date of the maturity of the policy, and such warranties were immaterial.

Article 4947, R.S.1911, act 1903, now Vernon's Ann.Civ.St. art. 5043, provided that a misrepresentation to avoid a liability must be material to the risk. In Modern Order of Praetorians v. Hollmig, Tex.Civ.App., 105 S.W. 846; Reppond v. National Life Ins. Co., 100 Tex. 519, 101 S.W. 786, 11 L.R.A.,N.S., 981, 15 Ann.Cas. 618, it was held by our Supreme Court that this article did not apply to fraternal insurance. In 1909, chapter 36, 1st Called Sess., p. 358, § 8, the Legislature made substantially the same provisions as to fraternal insurance as was provided in article 4947 in reference to other insurance. Supreme Ruling of Fraternal Mystic Circle v. Hansen, Tex.Civ.App., 161 S.W. 54, 56. In 1913, the Legislature repealed chapter 36, supra, chapter 113, pp. 220, 236, § 33, and made no provision in reference to misrepresentations in fraternal insurance. Thus, the law in reference to misrepresentations in an application for fraternal insurance is the same as when Modern Order of Praetorians v. Hollmig, supra, was decided.

■ In the absence of a statute to the contrary, false representations in an application such as we have here will avoid the policy, without reference to the materiality of such statement. Kansas Mut. Life Insurance Co. v. Pinson, 94 Tex. 553, 63 S.W. 531; Brock v. United Moderns, 36 Tex.Civ. App. 12, 81 S.W. 340; Kansas City Life Insurance Co. v. Blackstone, Tex.Civ.App., 143 S.W. 702; Sovereign Camp, W.O.W. v. Lillard, Tex.Civ.App., 174 S.W. 619. As stated in the case of Brotherhood of Railway Trainmen v. Wood, Tex.Civ.App., 79 S.W.2d 665, 667, "According to the general rules governing insurance contracts, the falsity of a warranty defeats recovery upon such a contract without regard to the materiality of the warranty." Citing numerous authorities.

The judgment of the trial court is affirmed.