## TEXAS EMPLOYERS' INS. ASS'N v. COMER.
### No. 898.

Court of Civil Appeals of Texas. Eastland.
Oct. 2, 1931.

Rehearing Denied Oct. 23, 1931.

Harry P. Lawther and William M. Cramer, both of Dallas, for appellant.

Clyde E. Thomas, of Big Spring, for appellee.

HICKMAN, C. J.

The appeal is from a judgment of the district court on appeal from the Industrial Accident Board awarding appellee a recovery of $5,594 in a lump sum for total permanent disability.

■ The first question presented relates to the jurisdiction of the trial court, and arose in this manner: The Industrial Accident Board rendered its final ruling and decision on the 15th day of November, 1930. Appellee filed his notice of intention to appeal from the award with said board on November 18, 1930. His original petition was filed in the district court on November 17, 1930. His first amended original petition was filed on November 26, 1930. Appellant's original answer was filed on November 28, 1930. It is the contention of appellant that it was a necessary jurisdictional prerequisite that notice of unwillingness to abide by the award of the board should have been on file with said board at the time the suit was filed, and that, because the original petition was filed prior to the date the notice was received by the board, the district court acquired no jurisdiction. This contention, we think, does not take into account the fact that appellee's amended petition was filed after notice of unwillingness to abide by the board's ruling had been filed with the board, and within the 20-day period provided by article 8307, § 5, R. S. 1925, as amended by the Fortieth Legislature, 1927, chap. 223, § 1. If it be granted that no jurisdiction attached by the filing of the original petition, it does not follow that jurisdiction did not attach upon the filing of the amended petition in lieu of the original, and within the 20-day period. No question of the sufficiency of the service of citation is involved, for, as above noted, appellant's answer was filed after the filing of the amended petition. Assignment No. 1 is overruled.

■ The method for determining the average weekly wage of an employee is set out clearly and particularly in article 8309, § 1, R. S. 1925. The method employed in this case is reflected by special issue No. 2 submitted by the court to the jury over appellant's objection, which issue reads as follows: "What do you find, by a preponderance of the evidence, was, during the year prior to May 20th, 1930, the average weekly wage, (six-day week), of an employee other than R. C. Comer, while working in Big Spring or some neighboring place, in the same kind of or similar employment to that in which the said R. C. Comer was employed?"

That issue submitted the measure set out in subsection No. 2 of the article above cited. It was held by the Commission of Appeals in an opinion approved by the Supreme Court in the case of American Employers' Insurance Co. v. Singleton, 24 S.W.(2d) 26, that the burden is on the claimant to show that compensation cannot be computed under subsection 1 before subsection 2 is resorted to. The evidence in this case fails to discharge that burden, but on the contrary, discloses that appellee had worked for many years in the same employment at which he was working at the time of his injury. He had been working for the same employer for only seven months next preceding his injuries, but, by the express provisions of subsection 1 of the above article, it is immaterial whether or not the employer remained the same during the period of substantially a year next preceding the injury. The judgment in this case was based, not upon the wages actually received by appellee, but upon the average daily wage which other employees of the same class earned. The facts do not support recovery upon this theory, and we must sustain the assignments presenting this question.

■ Over the objection by appellant that same was duplicitous and multifarious, the trial court submitted to the jury the following special issue: "Do you find, from a preponderance of the evidence, that the injuries, if any, received by R. C. Comer on May 20th, 1930, as referred to in the testimony and the pleadings, resulted in total permanent disability of the said R. C. Comer, as this term has been hereinbefore defined to you? Answer Yes or No."

In passing upon the same exceptions to a like issue, the Commission of Appeals, in the case of Lumbermen's Reciprocal Ass'n v. Wilmoth et al., 12 S.W.(2d) 972, 973, used this language: "We think the special issue is subject to the objection urged. The statute (article 2189, R. S. 1925) requires that special issues shall be submitted distinctly and separately. This issue, in the form submitted, combined two separate and distinct questions of fact, one of which might be answered by the jury in the negative, and the other in the affirmative, or vice versa. A disability may be total, but temporary, or it may be permanent, but partial. The questions as to the totality of the incapacity and the duration of the injury should have been submitted as separate issues. Western Indemnity Co. v. MacKechnie (Tex. Civ. App.) 214 S. W. 456; Railway Co. v. Turner (Tex. Civ. App.) 199 S. W. 868; Tel. & Tel. Co. v. Andrews (Tex. Civ. App.) 169 S. W. 218; North v. Atlas Brick Co. (Tex. Civ. App.) 281 S. W. 608."

Upon that authority, the assignment presenting this question is sustained.

The other questions presented will not likely arise upon another trial, and need not, therefore, be discussed.

For the errors above assigned, the judgment of the trial court will be reversed, and the cause remanded.