## TEXAS EMPLOYERS' INS. ASS'N v. HENSON.

### No. 1331—5842.

Commission of Appeals of Texas, Section B.
April 28, 1932.

Harry P. Lawther, James P. Swift, and William M. Cramer, all of Dallas, for plaintiff in error.

Grisham Bros., of Eastland, for defendant in error.

LEDDY, J.

This is a compensation case in which the defendant in error was found to be totally and permanently incapacitated by reason of a hernia received in the course of his employment, from which he failed to obtain relief through a surgical operation.

The jury found in answer to a special issue that manifest hardship and injustice would result to defendant in error if the insurer should fail to redeem its liability in a lump sum. There was no pleading, evidence, or finding as to what would constitute a reasonable rate of discount for a lump sum settlement for the weekly compensation to which defendant in error was found to be entitled.

The writ of error was granted in this case because of an apparent conflict between the decision of the Court of Civil Appeals and that of this section of the commission in Lumbermen's Reciprocal Association v. Wilmoth, 12 S.W.(2d) 972, 973. In the last-named case it was held that an issue reading: "Was or not the injury received by G. T. Wilmoth such as to totally and permanently incapacitate him from following any gainful occupation?" was duplicitous, and that the submitting of such issue in this form violated the statutory right of the plaintiff in error to have each issue arising in the case separately and distinctly submitted.

Special issue No. 7, given by the court in this case, which it is claimed violates the rule announced in the above case, was in the following form: "Did said injury of February 21, 1929, if any, result in the permanent and total incapacity of defendant E. P. Henson?"

Under our holding in the Wilmoth Case it was erroneous for the trial court to combine the issues of totality of the incapacity and permanency of the injury in a single issue. The reason for the rule anounced in the above case is that it was contemplated by the statute providing for the submission of a case on special issues that the parties to a suit are entitled to have each and every issue raised by the pleadings and evidence submitted separately and distinctly, and that the degree of incapacity and the duration thereof are separate and distinct issues. The record in this case, however, discloses that plaintiff in error has not been deprived of its statutory right to have the jury separately pass upon the issue of totality of incapacity and the duration of the injury. The court submitted special issue No. 6, reading: "Was E. P. Henson totally disabled for any length of time solely by reason of the injury of February 21, 1929, if any there was?" The jury answered this issue in the affirmative. When it answered issue No. 7, it had already found in answer to a separate and distinct issue that defendant in error was totally incapacitated by reason of the injury received by him for some length of time. This left nothing to be determined by the jury except the duration of the incapacity; hence the inclusion of the totality of the incapacity in the succeeding issue may be regarded as mere surplusage which could not have operated injuriously to plaintiff in error.

Under the rule announced in the case of Herzing v. Texas Employers' Ins. Ass'n (Tex. Com. App.) 17 S.W.(2d) 1046, it was erroneous to require the plaintiff in error to redeem in a lump sum settlement its liability for the weekly payments allowed by the jury, in the absence of pleading and evidence as to a proper rate of discount. The rule anounced in the Herzing Case was reaffirmed by this section of the commission in the case of United States Fidelity & Guaranty Co. v.

Nettles, 35 S.W.(2d) 1045, and our holding was expressly approved by the Supreme Court.

■ We cannot reform the judgment so as to award a recovery for the weekly payments found by the jury in defendant in error's favor, for the reason that he has the right, if he so desires, under proper pleadings and proof, to try in the district court the issue as to whether he is entitled to a lump sum settlement. His brief does not contain any waiver of this right so as to authorize this court to reform the judgment by awarding him the weekly compensation found by the jury.

We do not discuss other questions raised by plaintiff in error because we have reached the conclusion that the same were correctly determined by the Court of Civil Appeals.

We recommend that the judgments of the district court and Court of Civil Appeals be reversed, and the cause remanded for another trial.

### CURETON, C. J.

Judgments of the district court and Court of Civil Appeals reversed, and cause remanded to the district court.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.