## EMPLOYERS' LIABILITY ASSUR. CORPORATION, LIMITED, OF LONDON, ENGLAND, v. WILLIAMS. *

No. 4242.

Court of Civil Appeals of Texas. Texarkana.

Oct. 21, 1932.

Rehearing Denied Nov. 3, 1932.

W. B. Handley and Chas. J. Shaeffer, both of Dallas, for appellant.

Caldwell, Gillen, Francis & Gallagher, of Dallas, for appellee.

SELLERS, J.

This is an action brought by T. W. Williams, appellee, against the Employers' Liability Assurance Corporation, Limited, of London, England, appellant, by way of an appeal from a final award of the Industrial Accident Board in which T. W. Williams set up that he was injured in the course of his employment, on February 27, 1931, with the Arkansas Drilling Company; that the Employers' Liability Assurance Corporation was the insurer of the Arkansas Drilling Company under the provisions of the Workmen's Compensation Act of Texas; that as a result of the injury so received, he was totally and permanently disabled, and also prayed for a lump-sum settlement. The case was tried to a jury upon special issues, and upon the findings of the jury, judgment was rendered against the appellant, awarding the appellee 401 weeks' compensation at the maximum of $20 per week, but denying him a lump-sum settlement. From this judgment the appellant had duly prosecuted this appeal.

The appellant complains upon this appeal of the jury's answer to special issue No. 7 as being unsupported by the evidence. The issue submitted, together with instructions given in connection therewith, is as follows:

"What do you find and believe from a preponderance of the evidence was the average weekly wage of plaintiff, T. W. Williams, in the year next preceding the 27th day of February, 1931, during the days, if any, that he worked as a laborer doing the work of a rough neck on oil well drilling rigs? Answer in dollars and cents, if any." Answer: "$34.62."

"In determining the plaintiff's average weekly wage in this case the rule is to multiply his daily wage by 300 and divide the sum total by 52. The result will be plaintiff's average wage."

Subdivision 1 of section 1, article 8309, provides: "If the injured employee shall have worked in the employment in which he was working at the time of the injury, whether for the same employer or not, substantially the whole of the year immediately preceding the injury, his average annual wages shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed."

The appellee testified that he was employed by the Arkansas Drilling Company in Gregg county on February 14, 1931, as a rough neck, and that he was injured while in the employ of said company on February 27, 1931; that said company paid him at the rate of $6 per day and that he worked seven days in the week; that prior to going to work for this company in Gregg county, he worked for Raybon & Long Drilling Company at Luling, Tex.; that he worked for them about ten months of the year immediately preceding the injury at the same kind of work he was performing at the time he was injured and at the same pay. He also testified about working for the Magnolia Company for about thirty days at the same kind of work and for the same pay in the year immediately preceding his injury. His work for the Magnolia Company took him to various points in Texas.

Similar evidence in a number of cases has been held sufficient to support the jury finding of the average weekly wage of an employee under the above quoted provision of article 8309. Texas Indemnity Insurance Co. v. Carson (Tex. Civ. App.) 21 S.W.(2d) 691; New Amsterdam Casualty Co. v. Harrington (Tex. Civ. App.) 283 S. W. 261; Texas Employers' Insurance Ass'n v. Price (Tex. Civ. App.) 300 S. W. 667; Norwich Union Indemnity Co. v. Wilson (Tex. Civ. App.) 43 S.W.(2d) 473.

But appellant's contention as stated in its brief is: "The word 'employment' in subdivision 1 of section 1 of article 8309 means the work, which the employee is performing at the time of the injury at the place in which he is engaged. That is, that the locality of

the employment must be taken into account." With this contention we cannot agree. If it had been the intention of the Legislature to limit the evidence of an injured employee to that of work performed in the same or neighboring locality in determining the average weekly wage under subdivision 1 of section 1 of article 8309, it certainly would have said so as it did in subdivision 2 of the same section of the article where another method of arriving at the average weekly wage of an employee is provided for when the average weekly wage cannot be established under the first subdivision. We think the evidence sufficient to support the jury's finding.

There are a number of assignments complaining of certain argument made by appellee's counsel to the jury. We have carefully considered each of the assignments and have concluded that none of them present reversible error.

The judgment of the trial court is affirmed.