## METROPOLITAN LIFE INS. CO. v. GREENE.

### No. 3068.

Court of Civil Appeals of Texas. El Paso.
Oct. 18, 1934.

Rehearing Denied Nov. 8, 1934.

R. A. D. Morton and H. D. Stringer, both of El Paso, for appellant.

R. E. Cunningham and W. H. Fryer, both of El Paso, for appellee.

WALTHALL, Justice.

Appellee, Greene, brought this suit in the Forty-First district court of El Paso county against appellant, Metropolitan Life Insurance Company, to recover on a group insurance policy issued by appellant to the Southern Pacific Company for the benefit of its employees. Appellee alleged that he was insured under said policy in the sum of $2,500, and that said policy provided that, in the event he became totally and permanently disabled while insured, benefits in the sum of $86.25 per month would be paid him for sixty months; alleged that he became totally and permanently disabled by reason of flat feet, and that by reason thereof and the failure of appellant to pay he was entitled to recover under said policy, and attorney's fees and the statutory penalty. (Vernon's Ann. Civ. St. art. 4736).

Appellant in answer interposed the general denial; pleaded the provisions of the policy; pleaded that the insurance ceased at the end of June, 1932; specially denied that appellee became so disabled while insured; denied appellee's right to recover attorney's fees or the penalty.

### Opinion.

We overrule without comment appellant's first three propositions which complain of the failure of the trial court to give requested peremptory instruction in its favor and the refusal of the court to render judgment non obstante veredicto.

The case was submitted to the jury upon special issues.

The first question submitted is as follows: "Question No. One: Do you find from a preponderance of the evidence that as a result of flat feet plaintiff suffered total and permanent disability at any time between the 7th day of January, 1931, and the 25th day of June, 1932? Answer yes or no."

In connection with the charge, the court defined to the jury the term "total and permanent disability" as used in the charge as meaning "such disability as prevents a person from engaging in any business or occupation or performing any work for compensation or profit for the remainder of his life."

In its fourth point appellant complains of the above charge as being double and duplicitous, in that it submits two issues in one charge; that is, whether appellee, Greene, is totally disabled and whether he is permanently disabled.

In Lumbermen's Reciprocal Ass'n v. Wilmoth et al. (Tex. Com. App.) 12 S.W.(2d) 972, 973, a workmen's compensation case, the court submitted the issue as follows: "Was or was not the injury received by G. T. Wilmoth such as to totally and permanently incapacitate him from following any gainful occupation?"

The objection was that the charge combined two separate and distinct issues capable of being answered differently, and was therefore duplicitous and multifarious. The Commission of Appeals held that the charge was subject to the objection urged, and referred to the following cases as so holding: Western Indemnity Company v. MacKechnie (Tex. Civ. App.) 214 S. W. 456; Texas & N. O. Railway Co. v. Turner (Tex. Civ. App.) 199 S. W. 868; Southwestern Tel. & Teleg. Co. v. Andrews (Tex. Civ. App.) 169 S. W. 218; North v. Atlas Brick Co. (Tex. Civ. App.) 281 S. W. 608.

In Federal Surety Co. v. Smith (Tex. Com. App.) 41 S.W.(2d) 210, 214, the trial court submitted the issue by special charge as follows: "Was or was not the plaintiff solely, from the injury complained of, at once and continuously, after the occurrence of the same, totally disabled for any period of time? Answer 'yes' or 'no.'"

Appellant submitted that the charge was multifarious.

The Commission of Appeals reversed the case and referred to the Lumbermen's Reciprocal Ass'n v. Wilmoth Case as decisive of the question holding the charge to be multifarious. The Supreme Court expressly approved

the holdings of the Commission of Appeals on the question. The following cases refer to the Wilmoth Case as controlling on the question of multifariousness: Texas Employers' Ins. Ass'n v. Comer (Tex. Civ. App.) 42 S.W. (2d) 832; Clements v. Wright et ux. (Tex. Civ. App.) 47 S.W.(2d) 652; Texas Employers' Ins. Ass'n v. Henson (Tex. Com. App.) 48 S.W.(2d) 970; American Nat. Ins. Co. v. Callahan (Tex. Civ. App.) 51 S.W.(2d) 1083.

We have reviewed many cases discussing the propriety of grouping the facts pertaining to the ultimate issue of fact, and, while the cases both of the Courts of Civil Appeals and the Supreme Court seem to us not to be in harmony, we have concluded that the rule stated in the Wilmoth Case and the cases referring thereto control the question presented here. The proposition is sustained, and the case is reversed and remanded.

█ In view of another trial, we think it might be of some service to make some suggestions on some of the matters complained of and which might arise on another trial.

The certificate of insurance provides that: "Any employee shall be considered as totally and permanently disabled who furnishes due proof that as a result of bodily injuries suffered, or a disease contracted while his insurance was in force and prior to his sixtieth birthday, he is permanently, continuously and wholly prevented thereby from performing any work for compensation or profit."

The court defined to the jury the term "total and permanent disability" as meaning "such disability as prevents a person from engaging in any business or occupation or performing any work for compensation or profit for the remainder of his life."

Appellant objected to the above definition because "it does not take into account that if plaintiff could engage in occupations other than that of fireman, he could not recover," and submitted the following special charge: "In connection with Issue 1, you are charged that by the term 'total and permanent disability' is meant such disability as will, throughout the lifetime of a person, prevent him from performing not only the duties of his usual occupation but from performing the duties of, or following any other occupation, or doing any other work for compensation or profit."

The charge given by the court is not open to the objection made, since it does embrace "performing any business or occupation or performing any work for compensation or profit."

The policy provides that the proof must show that appellant by reason of the injury or disease was prevented from "performing" any work, etc. We think the charge given might properly omit the expression "engaging in any business or occupation," since the certificate does not require proof of disability to "engage in" any business, etc., but in its "performance." One might possibly be engaged in a work or business and be totally disabled from personally performing the work, etc.

The only other question we think to discuss is the allowance of attorney fees and penalty.

The trial court allowed both, to which appellant excepted.

The parties to the suit entered into certain stipulations in writing; the portion that seems applicable to the question we are now considering provides that the applications for the policy of insurance were made, executed, and delivered by the Southern Pacific Company, a Kentucky corporation, in the state of New York, to said defendant, Metropolitan Life Insurance Company, a New York corporation, and both of such policies were delivered by said Metropolitan Life Insurance Company to said Southern Pacific Company in the state of New York; that under the laws of New York there was and is no provision or statute allowing either penalty or attorney's fees, as under the Texas penalties and attorney's fee statute, or otherwise.

The question presented is whether any penalty and any attorney's fee is allowable under the policy and the certificate in this case. We need not discuss the amount upon which the penalty is calculated or the amount involved upon which the court might think to base the value of the services of the attorney. Nor do we inquire whether all the facts are present to create a present liability.

We do not regard the question as an open question in this state since the rendition of the opinion by the Fort Worth Court of Civil Appeals in the case of Metropolitan Life Insurance Co. v. Worton, 70 S.W.(2d) 216, and the refusal of the Supreme Court to grant a writ of error. The facts in that case are about identical with those in the instant case.

For the reason stated, the case is reversed and remanded.

On Motions of Appellant and Appellee.

█ As pointed out in appellant's motion, we were in error in our opinion in stating that the "policy provides that the proof must show that appellant, by reason of the injury or dis-

·ease, was prevented from 'performing any work,'" etc., and suggested that upon another trial the court's charge might omit the expression "engaging in any business or occupation." Upon inspection of the record, we find that, while the certificate omits the above expression, the policy includes it. We therefore withdraw the above suggestion in the opinion. The facts to be proved are controlled by the policy rather than by the certificate. Wann v. Metropolitan Life Ins. Co. (Tex. Com. App.) 41 S.W.(2d) 50.

In view of appellee's motion, we have reviewed the cases referred to in support of the conclusion reached in our opinion.

Appellee refers to the Lumbermen's Reciprocal Ass'n v. Wilmoth Case, cited in the opinion, and the case of American Nat. Ins. Co. v. Callahan (Tex. Civ. App.) 51 S.W.(2d) 1083, and submits that the rule of decision there announced has no application, inasmuch as in this case, as in the two above cited cases, the courts state that the error of duplicity in the charge "becomes harmless," as the "undisputed evidence was that claimant's injuries were total and permanent."

Texas Employers' Ins. Ass'n v. Henson (Tex. Com. App.) 48 S.W.(2d) 970, we think is directly in point. The writ was granted because in apparent conflict with the Wilmoth Case. The court adhered to the holding in the Wilmoth Case, and said the error of duplicity had been corrected in another charge.

We have again reviewed the evidence in this case and cannot say that the undisputed evidence shows that appellee's injuries are total and permanent. Without repeating the evidence here, we especially refer to Dr. Felix P. Miller's evidence, who examined the appellee's feet before the jury, on the trial.

We make the correction pointed out by appellant's motion, and, for reasons stated, appellee's motion is overruled.