## TRADERS & GENERAL INS. CO. v. HICKS.

### No. 8208.

Court of Civil Appeals of Texas. Austin.
May 20, 1936.

Lightfoot & Robertson, of Fort Worth, Runge & Runge, of Mason, and Newman & McCollum, of Brady, for appellant.

W. H. Adkins and Evans J. Adkins, both of Brady, for appellee.

BLAIR, Justice.

This is a workmen's compensation case. Appellee T. J. Hicks sued appellant Traders & General Insurance Company to set aside an award of the Industrial Accident Board in his favor for $12.12 per week for 30 consecutive weeks, beginning October 15, 1932. He alleged that he suffered an injury while working on a highway bridge as an employee of J. W. Combs and Wm. P. Glade, who carried compensation insurance with appellant. In accordance with a special issue verdict, judgment was rendered for appellee for $12.12 per week for 52 weeks, beginning October 15, 1932, and for $8.08 per week for 300 weeks from the expiration of the 52 weeks; hence this appeal.

Appellant complains that the court erred in refusing to instruct a verdict for it, because appellee neither alleged nor proved

any facts as a basis for computing his average weekly wage as required by article 8309, R.S.1925. Appellee alleged "that at the time of his injury 60% of his average weekly wage would have been $12.12." His proof showed that continuously for two years prior to his injury he had received not less than $20.20 weekly for the same character of bridge work as he was doing at the time of his injury. Appellant filed only a general demurrer to the pleadings.

■ As against a general demurrer, it is not necessary to set forth the method employed in computing the average weekly wage of the employee. The allegations that $12.12 was 60 per cent. of appellee's average weekly wage was equivalent to alleging that his average weekly wage was $20.20, and his pleadings showed he was seeking compensation under section 1, first subd. 1, of Article 8309. The defect in pleading complained of must be challenged by special exception, in absence of which the pleading will be held to be sufficient if the facts alleged show the amount claimed as compensation. Davies v. Texas Emp. Ins. Ass'n (Tex.Com.App.) 16 S.W.(2d) 524. Nor is it necessary as against a general demurrer to plead how long the employee had worked in his employment, either for the insured or others in the same kind of work. Texas Emp. Ins. Ass'n v. Heuer (Tex.Civ.App.) 10 S.W.(2d) 756. And since the pleading was sufficient as against a general demurrer, it was sufficient to admit the proof that appellee had been employed continuously for two years next preceding his injury by the insured and other employers for not less than $20.20 per week, doing the same kind of bridge work as he was when injured. Texas Emp. Ins. Ass'n v. Comer (Tex.Civ.App.) 42 S.W. (2d) 832, 833; Employers' Liability Assur. Corp. v. Williams (Tex.Civ.App.) 56 S.W. (2d) 257.

■ We sustain appellant's seventh proposition that the court erred in failing to give the statutory definition of the term "injury" in connection with its charge submitting the question of whether appellee was injured in the course of his employment.

In the case of Commercial Standard Ins. Co. v. Noack (Tex.Com.App.) 62 S.W.(2d) 72, 74, it is held as follows:

"The court's charge nowhere contained a definition of the term 'injury' used in the above issue. The insurance company duly and seasonably excepted to the charge for its failure to define such term. This was error. Article 8309, subdivision 5, part 4, R.C.S.1925; Associated Indemnity Corporation v. Wilson (Tex.Civ.App.) 41 S.W. (2d) 143, and authorities there cited.

"In connection with the above we call attention to the fact that the terms 'injury' and 'personal injury' are not used in their ordinary sense or meaning, in our compensation laws, but are used in a somewhat restricted and technical sense. This being true, the statutory definition of the term 'injury' should have been given in the court's charge. In this connection we quote the statutory definition of the term 'injury' and 'personal injury': 'The term "injury" or "personal injury" shall be construed to mean damage or harm of the physical structure of the body, and such diseases and infection as naturally result therefrom.'"

See, also, American Fidelity & Casualty Co. v. Bradley (Tex.Civ.App.) 70 S.W.(2d) 645; Traders & General Ins. Co. v. Murphree (Tex.Civ.App.) 88 S.W.(2d) 744.

The question of injury not only raises the issue of whether an injury of any sort occurred, but also raises the issue of whether the injury is compensable under the definition of the term "injury" as used in the compensation statute. Article 8309, § 1, subd. 5. In the instant case the evidence was sharply conflicting as to whether appellee received a compensable injury as defined by the statute; and the court erred in not giving the statutory definition of the term "injury" as requested by appellant.

■■ We also sustain appellant's eighth, tenth, and eleventh propositions, which complain of the action of the court in submitting for the jury's finding the percentage of the partial incapacity of appellee to work after his injury, and in computing the measure of his compensation under the portion of section 12 of article 8306, which reads: "In all other cases of partial incapacity, including any disfigurement which will impair the future usefulness or occupational opportunities of the injured employe, compensation shall be determined according to the percentage of incapacity, taking into account among other things any previous incapacity, the nature of the physical injury or disfigurement, the occupation of the injured employe, and the age at the time of injury."

Appellee did not receive either of the injuries enumerated in section 12 of article 8306, and the quoted portion thereof relating to the measure of compensation for partial incapacity resulting from one or more

of the specifically enumerated injuries has no application to the character of injury received by appellee. His injury was to his back and spinal column, resulting from a fall of 32 feet. His partial incapacity to work after his injury was therefore a partial, general incapacity, and the measure of compensation for such partial, general incapacity to work is fixed by section 11 of article 8306. The question here presented was decided in the case of Lloyds Casualty Co. v. Meredith (Tex.Civ.App.) 63 S.W. (2d) 1051, 1054, as follows: "The finding on the issue of percentage of incapacity was immaterial, on the character of injury involved in this case. The measure of appellee's compensation, on the facts of her injury, is controlled by section 11 of article 8306 of the Workmen's Compensation Act, which reads as follows: 'While the incapacity for work resulting from the injury is partial, the association shall pay the injured employee a weekly compensation equal to sixty per cent. of the difference between his average weekly wages before the injury and his average weekly wage earning capacity during the existence of such partial incapacity, but in no case more than $20.00 per week.' The following authorities clearly sustain this construction of the quoted section, as applied to partial, general incapacity. Texas Employers' Ins. Ass'n v. Moreno (Tex.Com. App.) 277 S.W. 84; Texas Employers' Ins. Ass'n v. Moreno (Tex.Civ.App.) 260 S.W. 283; Texas Employers' Ins. Ass'n v. Price (Tex.Civ.App.) 300 S.W. 667, writ dismissed 117 Tex. 173, 300 S.W. 672; General Accident Fire & Life Assur. Corp. v. Bundren (Tex.Civ.App.) 274 S.W. 671; Millers' Indemnity Underwriters v. Cahal (Tex.Civ.App.) 257 S.W. 957."

The issue for the jury to determine is the difference between the average weekly wage before the injury and the "average weekly wage earning capacity during the existence of such partial incapacity"; the compensation allowed being 60 per cent. of such difference. Under the circumstances testified to, the weekly wage received by appellee as an operator of a gasoline filling station since his injury is not conclusive of the issue, but is evidence tending to establish such issue.

We do not deem it necessary to discuss appellant's remaining propositions. Suffice it to say that they relate to questions of practice, and either do not present error, or pertain to matters which are not likely to occur on another trial of the case.

The judgment of the trial court will be reversed and the cause remanded.

Reversed and remanded.