## McWHORTER et al. v. ÆTNA CASUALTY & SURETY CO.

### Civ. No. 967.

District Court, S. D. Texas,
Houston Division.

Dec. 3, 1943.

Burris & Benton and F. F. Benton, both of Houston, Tex., for plaintiffs.

Fulbright, Crooker, Freeman & Bates and W. N. Arnold, Jr., all of Houston, Tex., for defendant.

KENNERLY, District Judge.

This is a suit under the Texas Workmen's Compensation Law, Title 130, Articles 8306 to 8309a, Vernon's Civil Statutes of Texas, and a hearing on plaintiffs' motion to enter judgment upon the verdict of a jury returned at the trial.

The Clinton Park Construction Company (for brevity called Construction Company) is the employer, plaintiff Willis Neal McWhorter (for brevity called McWhorter) is the employee, and defendant Ætna Casualty & Surety Company (for brevity called Surety Company) is the insurer, under the provisions of such Compensation Law.

The parties stipulated that McWhorter received an injury in the course of his employment on November 11, 1942, and the jury found that McWhorter suffered total incapacity for a period of 50 weeks as a result of such injury, but found that such total incapacity was not permanent.

The jury also found that McWhorter suffered 65% partial incapacity for 167 weeks, beginning at the end of his total incapacity, and that his average weekly wage-earning capacity during the existence of such partial incapacity was $20 per week. At the trial, it was stipulated that the average weekly wage of McWhorter was $31.60, and that his weekly compensation rate for total incapacity was $18.96.

There is no dispute about the amount McWhorter is entitled to recover under the verdict for total incapacity, i. e., 50 weeks at $18.96 per week, plus interest,

but there is a dispute about the amount he is entitled to recover for partial incapacity.

■ 1. McWhorter's injuries being of a general nature, his compensation for partial incapacity must be computed in accordance with Section 11, Article 8306, of the Texas Statutes,[1] and not in accordance with Section 12 of such Article.[2] Lloyds Casualty Company v. Meredith, Tex.Civ. App., 63 S.W.2d 1051, 1052. Traders & General Insurance Company v. Hicks, Tex. Civ.App., 94 S.W.2d 824, 825.

In cases where there is a jury finding of partial incapacity and of the percentage of such partial incapacity of an employee, but no jury finding of the average weekly wage-earning capacity during the existence of such partial incapacity, there is a line of Texas cases holding that it is proper for the trial court to compute such average weekly wage-earning capacity by using the amount of the employee's average weekly wage and the percentage of partial incapacity. Traders & General Ins. Co. v. Patterson, Tex.Civ.App., 123 S.W.2d 766, 768. Federal Underwriters Exchange v. Price, Tex.Civ.App., 145 S.W.2d 951, 958. Associated Indemnity Corp. v. McGrew, 138 Tex. 583, 160 S.W.2d 912, 913, and cases there cited. Plaintiff contends for that method here.[3]

■ But that is not the case we have here. Here, there is a finding by the jury of McWhorter's average weekly wage-earning capacity during the existence of his partial incapacity, and under Section 11 of Article 8306 of the Texas Statutes, such finding must be given effect. I think that the line of cases represented by Lloyds Casualty Company v. Meredith, supra, and Traders & General Insurance Company v. Hicks, supra, is controlling. I think that the method contended for by plaintiff of computing the amount of the judgment for such partial incapacity is not the correct one, but that same should be computed by finding the difference between McWhorter's weekly wage-earning capacity ($20), as found by the jury, and his average weekly wage as stipulated ($31.60). This difference is $11.60, and 60% of this difference is $6.96. McWhorter is entitled to recover 167 weeks' partial incapacity at $6.96 per week, plus interest, in addition to his recovery for total incapacity.

Let proper decree be drawn and presented accordingly.

---

[1] "Art. 8306, sec. 11. Partial incapacity compensation.

Sec. 11. While the incapacity for work resulting from the injury is partial, the association shall pay the injured employé a weekly compensation equal to sixty per cent of the difference between his average weekly wages before the injury and his average weekly wage earning capacity during the existence of such partial incapacity, but in no case more than $20.00 per week. The period covered by such compensation shall be in no case greater than three hundred weeks; provided that in no case shall the period of compensation for total and partial incapacity exceed four hundred and one weeks from the date of injury."

[2] "In all other cases of partial incapacity including any disfigurement which will impair the future usefulness or occupational opportunities of the injured employé, compensation shall be determined according to the percentage of incapacity, taking into account among other things any previous incapacity, the nature of the physical injury or disfigurement, the occupation of the injured employé, and the age at the time of injury. The compensation paid therefor shall be sixty per cent of the average weekly wages of the employés but not to exceed $20.00 per week, multiplied by the percentage of incapacity caused by the injury for such period not exceeding three hundred weeks as the board may determine. Whenever the weekly payments under this paragraph would be less than $3.00 per week, the period may be shortened, and the payments correspondingly increased by the board."

[3] Under the rule laid down in Traders & General Insurance Company v. Patterson and Federal Underwriters Exchange v. Price, the computation here would be to ascertain McWhorter's average weekly wage earning capacity during partial incapacity by taking 65% of $31.60 ($20.54), and taking the difference between $20.54 and $31.60 ($11.06), and the recovery for partial incapacity would be 167 weeks at $11.06 per week, plus interest. Under Corporation v. McGrew, the computation would apparently (but not certainly) be by taking 65% of $31.60 ($20.54), and taking 60% of $20.54 ($12.32), making the recovery for partial incapacity 167 weeks at $12.32 per week.