## TEXAS EMPLOYER'S INS. ASS'N v. SPIVEY.

### No. 15142.

Court of Civil Appeals of Texas. Fort Worth.

June 9, 1950.

Rehearing Denied July 14, 1950.

Nelson, Montgomery & Robertson and Lee Sellers, all of Wichita Falls, for appellant.

Kearby Peery, Wichita Falls, for appellee.

McDONALD, Chief Justice.

Appellee recovered judgment for workmen's compensation, on a jury verdict. Appellant complains on appeal of the refusal of the trial court to submit certain special issues, and of lack of proof to show appellee's wage rate.

The special issues submitted by the court inquired, among other things, as to total incapacity and its duration, and as to partial incapacity, its percentage and duration. The jury found total incapacity for 156 weeks following the accident, and fifty per cent partial incapacity for 75 weeks following the period of total incapacity. Appellant alleged that if appellee had any incapacity it was partial, and that the difference between his average weekly wages before the injury and his average weekly wage earning capacity after the injury did not exceed $10 per week, and that appellee was entitled to recover, if he had any partial incapacity, sixty per cent of the difference between his average weekly wages before the injury and his average weekly wage earning capacity after the injury.

Appellant requested the submission of six special issues, which the trial court refused, which inquired in substance, re-

spectively: (1) As to appellee's average weekly wages immediately before the injury; (2) whether appellee now has an average weekly wage earning capacity; (3) as to the amount of appellee's average weekly wage earning capacity; (4) whether appellee will in the future have an average weekly wage earning capacity; (5) what appellee's weekly average wage earning capacity will be in the future; (6) when appellee will begin to have an average weekly wage earning capacity.

Appellee's claim for compensation is one for a general as distinguished from a specific injury. The rate of compensation for partial disability is therefore governed by Section 11 of Article 8306, R.C.S., Vernon's Ann.Civ.St. art 8306, § 11, which sets the rate of compensation at "sixty per cent of the difference between his average weekly wages before the injury and his average weekly wage earning capacity during the existence of such partial incapacity, * * *." See cases hereinafter cited. Appellant argues that it pleaded that such difference was not more than $10 per week, and that it was entitled to an affirmative submission of such issue to the jury.

If the question before us were one which had not heretofore received consideration at the hands of our appellate courts, we might be inclined to hold that either party had the right to demand submission of the question of rate of compensation for general incapacity in the terms set out in the statute, rather than in the more indirect manner of inquiry as to the percentage of incapacity. But in view of the decisions which we shall discuss, we do not feel justified in holding that the trial court committed reversible error in refusing the above mentioned requested issues.

In Lloyds Casualty Co. v. Meredith, Tex. Civ.App., 63 S.W.2d 1051, the jury found in answer to one issue that the claimant's percentage of partial disability was fifty per cent. In answer to other issues, it was found that her average weekly wages before the injury were $50, and that her average weekly earning capacity after the injury was $15. The insurance carrier complained on appeal, first, that there was such irreconcilable conflict in the findings as to destroy the verdict, and second, that recovery should be limited to sixty per cent of fifty per cent of her weekly wages before the injury. The court, declaring that Section 11 of art. 8306 governed the rate of compensation, held that the finding of fifty per cent partial disability was immaterial, and that compensation should be based on the difference between the wages before injury and the earning capacity afterwards.

In Traders & General Ins. Co. v. Hicks, Tex.Civ.App., 94 S.W.2d 824, it was held reversible error to submit the case to the jury and to compute compensation on the basis of percentage of disability rather than on the basis of the difference between the wages before the injury and the earning capacity during disability. The case supports the contention made by appellant in the case before us.

In Traders & General Ins. Co. v. Patterson, Tex.Civ.App., 123 S.W.2d 766, writ dismissed, the charge inquired and the jury found as to percentage of partial incapacity. The insurer contended on appeal that there was no basis in the verdict for awarding compensation since there was no finding as to the difference between wages before injury and earning capacity during the existence of partial incapacity. The court held that in view of the instruction in the court's charge concerning the term partial incapacity, the finding of fifty per cent partial incapacity together with the finding as to wages before injury provided a sufficient basis for computing the compensation rate. The opinion makes no mention of objection having been made in the trial court to the manner of submitting the case to the jury. To the same effect, see Traders & General Ins. Co. v. Robinson, Tex. Civ.App., 222 S.W.2d 266, writ refused.

Practically the same holding was made in Federal Underwriters Exchange v. Price, Tex.Civ.App., 145 S.W.2d 951, writ dis. c. j. The court declared that the finding as to percentage of incapacity, taken in connection with the finding as to wages before injury, was the equivalent of a finding as to earning capacity during the existence of the partial incapacity. Although saying that it might have been preferable to inquire as to wages before injury

and as to earning capacity during partial incapacity, the court expressed the opinion that there was no reason to believe that a different compensation rate would have resulted.

In Texas Employers Ins. Ass'n v. Reed, Tex.Civ.App., 150 S.W.2d 858, writ dis. c. j., where issues were submitted as to wages before injury and earning capacity during partial incapacity, the court overruled the complaint of the insurance carrier of failure of the trial court to inquire of the jury as to percentage of incapacity.

In Associated Indemnity Corporation v. McGrew, Tex.Civ.App., 142 S.W.2d 567, the insurance carrier sought a reversal on the ground, among others, that the court should have submitted the insurer's requested issue as to the difference between average weekly wages at the time of the accident and the average weekly wage earning capacity during partial incapacity. The Court of Civil Appeals expressly overruled the contention. The Supreme Court affirmed the judgment of the Court of Civil Appeals, Id., 138 Tex. 583, 160 S.W.2d 912, 915. The Supreme Court did not discuss the question just mentioned, but did say that "all other propositions were properly disposed of by the Court of Civil Appeals so we purposely do not discuss them."

In view of the state of the decisions, as above discussed, we join with the Eastland Court of Civil Appeals, Federal Underwriters Exchange v. Price, supra, in saying that it would be preferable in a case where claim is made for partial incapacity, in the case of a general as distinguished from a specific injury; "to have a finding of plaintiff's average weekly wage prior to the injury and a finding of his average weekly wage earning capacity during the existence of his partial incapacity," but we hold that reversible error is not presented in the refusal of the court to submit the above mentioned special issues requested by appellant.

Under points seven, eight and nine appellant contends that there was no proper proof of appellee's average weekly wages. We overrule these points. Appellee testified that he worked approximately 300 days during the preceding year, and his statements on cross-examination, relied on by appellant as destroying his testimony that he worked approximately 300 days, did not, in our opinion, have such effect, but at most only went to the weight of his testimony. The evidence was sufficient to authorize the submission of wage rate under Subdivision 1 of Section 1 of Article 8309.

The judgment of the trial court is affirmed.