## PACIFIC EMPLOYERS INS. CO. v. BRASHER.

### No. 9916.

Court of Civil Appeals of Texas. Austin.
Nov. 22, 1950.

Rehearing Denied Dec. 13, 1950.

Kerr, Gayer & Sutton, John F. Sutton, Jr., of San Angelo, for appellant.

Murphy & Smith, Earl W. Smith, Clyde Vinson, all of San Angelo, for appellee.

HUGHES, Justice.

This is a workmen's compensation case, in which appellee, John T. Brasher, recovered judgment against appellant, Pacific Employers Insurance Company, based on certain stipulations and a jury verdict for $8,324.31, for total and permanent incapacity, such amount to be paid in a lump sum.

Ten points are made by appellant and we will discuss and dispose of each.

Point No. 1 complains of the refusal of the court to submit appellant's requested issue No. 3, "Do you find from a preponderance of the evidence that such total incapacity to work, if any you have found, is not temporary?" for the asserted reason that appellant, the pleadings and evidence being sufficient, is entitled to an affirmative

and unconditional submission of the issue of whether the total incapacity was temporary.

Issue No. 5, as submitted by the court, inquired as to whether there was any total incapacity, and Issue No. 6 was submitted in this manner:

"If you have answered the foregoing Special Issue 'Yes,' and in that event only, then answer the following special issue:

"6. Is such total incapacity, as herein defined, if any you have found, permanent or temporary?"

Issue No. 5 was answered "Yes" and Issue No. 6 was answered "Permanent."

Appellant did not object to the conditional submission of Issue No. 6, and the right to complain of this form of submission was, therefore, waived. Edwards v. Strong, 147 Tex. 155, 213 S.W.2d 979; Rules 272 and 274, Texas Rules of Civil Procedure.

It is not contended that but for the conditional submission of Issue No. 6 appellant would have been entitled to have its requested Issue No. 3 submitted, this for the reason that the court is not required to submit the same issue twice. Little Rock Furniture Mfg. Co. v. Dunn, Tex.Sup., 222 S.W.2d 985.

The court having affirmatively submitted the issue of the incapacity being temporary or permanent in Issue No. 6, with the burden on appellee, it was not prejudicial to appellant for the court to refuse to submit again the same issue in negative form, with the burden again upon the claimant. Texas Employers Ins. Ass'n v. Drayton, Tex.Civ.App., 173 S.W.2d 782 (Amarillo CCA. Writ Ref. WOM).

In Uptmor v. Janes, Tex.Civ.App., 210 S.W.2d 235, 240 (Waco CCA. Writ Ref. NRE), the court said: "Where the court has already submitted an issue, even though it is submitted conditionally upon the way a preceding issue is to be answered, if it is given at the request of a party or without his objection, he cannot require the court to submit the identical issue again, although such issue does not contain such condition."

Appellant's second point is that the court erred in refusing to give its requested issue reading: "Do you find from a preponderance of the evidence that John T. Brasher during his life, after this time, will not be able to pursue an occupation or employment which by ability, experience, skill and training he will be qualified to perform for wage or profit?"—for the asserted reason that its pleadings and the evidence raised such issue and that it was entitled to an affirmative submission of the issue.

The controlling issues in this case regarding appellant's liability were whether appellee suffered total or partial incapacity or both, and the duration of each. These issues were fairly submitted to the jury in the court's main charge. The issue requested by appellant was just another way of asking the jury the same questions which had already been submitted. The requested issue was couched in evidentiary language and in a negative form with the burden remaining on appellee. Under the authorities previously cited, we are of the opinion that the trial court did not err in refusing to submit the requested issue.

Appellant objected to Issue No. 9 and the charge as a whole, for the reason that inquiry is not made as to when partial incapacity commenced, and similar objections were lodged to Issue No. 11 regarding temporary partial incapacity. These objections are made the basis of appellant's third point.

The vice in these issues and the charge as a whole is, appellant asserts, that it is not possible to tell from the jury-verdict when partial incapacity began or when temporary partial incapacity began, or whether the jury's possible answers concerning partial incapacity and temporary partial incapacity would conflict with the possible answers of the jury concerning total incapacity.

The jury was asked if and found that appellee sustained total incapacity. It was then asked if such total incapacity was temporary or permanent, and it answered "permanent." Conditionally submitted was the issue of the duration of temporary total incapacity. This issue was accordingly not answered. The court then inquired if appellee sustained any partial incapacity. This was answered "No." Conditional issues were then submitted, asking if such partial incapacity was temporary or permanent, as to the per cent of such partial incapacity, and as to duration of any temporary partial incapacity, to be stated in weeks and days. None of these conditional issues was answered as the conditions requiring answers did not occur.

Appellant did not object to the conditional submission of any of the issues so submitted. This being true it not only waived the manner of such submission, but also waived "the right to have the issue answered and also necessarily waives the right to any benefits which he might receive from a favorable answer to such issue." Little Rock Furniture Mfg. Co. v. Dunn, supra [222 S.W.2d 990].

We do not believe we are required to determine whether conjectural jury answers (not made) were sufficient to and would create a conflict in the verdict when not only the right to have the issues answered has been waived but also the benefits from favorable answers have been waived. This point is overruled.

The fourth point is that the court erred in failing to give the following issue requested by appellant: "Do you find from a preponderance of the evidence that such temporary total incapacity to work, if any, was not followed by a partial incapacity."

This defense was specially pleaded by appellant and it contends the evidence was sufficient to raise the issue. As to this we do not decide because, in our opinion, the defense alluded to was not completely presented by the one issue which was requested. No issues were presented or requested concerning the extent or duration of any partial capacity following temporary total incapacity. That these were proper defensive issues see Court of Civil Appeals opinion in Southern Underwriters v. Wheeler, 108 S.W.2d 846, and the reference thereto made by the Supreme Court in the same case, 132 Tex. 350, 123 S.W.2d

340. It was the duty of appellant to submit issues covering all elements of its specially pleaded defense, and having failed to do so it cannot complain of the court's refusal to submit an incomplete presentation of its defense. 41 Tex.Jur. p. 1050.

■ The next point questions the admissibility of Dr. Patterson's conclusions as to the degree and duration of appellee's injury and incapacity, on the ground that such conclusions were based, in part, on subjective symptoms related to the doctor by appellee in connection with a physical examination being made for the purpose of forming such opinion.

Dr. Patterson testified by way of depositions. He had made a physical examination of appellee on December 12, 1949, and his deposition was subsequently given. The details of this physical examination had been testified to when the doctor was asked a lengthy hypothetical question and instructed to give his answer based upon the assumed facts and upon his own previous examination. The answer of the witness contained this unresponsive statement: "This man gave me just such a history when examined on the 12th of December."

When appellant objected to the answer of the doctor, for the reasons stated above, the court struck that portion of the answer quoted in the preceding paragraph [1] and admitted the remainder, including the opinion of the witness that appellee was totally and permanently disabled, unless successful surgery was performed.

We recognize the rule relied upon by appellant and if we were of the opinion that the conclusions of the doctor were wholly or partly based upon the case history given him by appellee, we would sustain this point. Texas Employers Ins. Ass'n v. Wells, Tex.Civ.App., 207 S.W.2d 693 (Amarillo CCA. Writ Ref. NRE). We are not, however, of this opinion.

The information volunteered by the doctor may have been all so true, but he does not say nor intimate that his opinions were based in whole or in part on the history of the case given him by appellee. The witness was instructed to base his answer upon his own physical examination and upon the facts assumed in the question. We would have to indulge in speculation in order to find the error about which appellant complains. This we decline to do.

The sixth point is based upon the statement, "I say he could buy a house and rent out part of it," made by appellee's counsel when arguing to the jury the issue of lump sum payment. It is contended that there was no evidence supporting this argument and that it was prejudicial to appellant.

Appellee answered "Yes" to the following question: "If you received compensation in a lump sum do you think you could take that money and invest it in some business and attempt to make a living?"

■■ This general question, we believe, supported counsel in elaborating upon the various businesses in which investments could be made. It is common knowledge that many people earn money by renting rooms and counsel's statement added nothing to the jury's knowledge. We are also of the opinion that the argument, if improper, was not reasonably calculated to cause and did not probably cause rendition of an improper judgment. Rule 434, T.R.C.P.; Texas Employers Ins. Ass'n v. Crow, Tex.Civ.App., 218 S.W.2d 230, affirmed; Tex.Sup., 221 S.W.2d 235, 10 A.L.R.2d 913.

■ By its seventh point appellant brings forward its objection to this issue: " * * * do you find that manifest hardship and injustice would result to the plaintiff * * * if compensation is not paid to him in a lump sum * * *."

The objection is that the court did not inquire as to whether payment of compensation in weekly payments would result in manifest hardship and injustice. This point is overruled. The statute, Art. 8306, Sec. 15, Vernon's Ann.Civ.St., does not require use of the words, "in weekly payments." See Traders & General Ins. Co. v. Blancett, Tex.Civ.App., 96 S.W.2d 420 (Ft. Worth CCA. Writ Dis.).

1. As directed by Rule 214, T.R.C.P.

In the eighth point appellant complains of the refusal of the trial court to submit to the jury its requested issue asking: "What do you find from a preponderance of the evidence to be plaintiff's wage earning capacity during such period of partial incapacity if any?"

It was stipulated that appellee's average weekly wage was $57. Presumably this refers to pre-injury average weekly wage, although it is not so stated.

The issue of partial incapacity was submitted unconditionally. This issue was answered against appellant. The court then, conditioned upon a favorable answer to the issue of partial incapacity, submitted issues asking (a) if such partial incapacity was temporary or permanent, (b) what was the per cent of such partial incapacity, and (c) what is the duration of such partial incapacity.

Appellant did not object to the conditional submission of these issues.

The Fort Worth Court of Civil Appeals in the recent case of Texas Employers Ins. Ass'n v. Spivey, 231 S.W.2d 760 (Writ Ref. NRE), held there was no reversible error in refusing to submit issues to the jury concerning the amount and duration of claimant's average weekly wage earning capacity during the period of partial incapacity, even though the claim for compensation is one for a general as distinguished from a specific injury where the average weekly wage of claimant prior to the injury and the degree of incapacity was established.

The opinion referred to contains a discussion of the authorities upon this question, including the contrary opinion of this court in Traders & General Ins. Co. v. Hicks, Tex.Civ.App., 94 S.W.2d 824, a case which did not reach the Supreme Court.

In view of the opinion in the Spivey case and the refusal of the Supreme Court to review it, we feel that we should follow that decision. Point eight is overruled.

The ninth point questions the court's definition of "total incapacity."

This term was defined by the court as follows: "By the term total incapacity as used herein does not imply an absolute disability to perform any kind of labor, but a person disqualified from performing the usual task of a workman in such a way as to enable him to procure and retain employment is ordinarily regarded as totally incapacitated."

Appellant's objection to this definition is that it implies that a person is totally incapacitated only in the event he is unable to procure and retain the type of employment in which he had been previously engaged.

We are unable to find any such implication in the court's definition. Also, this definition has the approval of the Supreme Court. See Texas Employers Ins. Assn. v. Mallard, 143 Tex. 77, 182 S.W.2d 1000.

The last point is that the evidence shows, as a matter of law, that appellee's disability is partial rather than total.

In support of this point appellant refers to the testimony of appellee that he had since his injury done light duty work at various times and that he could work sitting down unless forced to sit too long at a time. Reference is also made to the testimony of a bootmaker that boots are principally made sitting down.

These matters are merely evidentiary and are not conclusive. Trinity Universal Ins. Co. v. Rose, Tex.Civ.App., 217 S.W.2d 425 (Eastland CCA. Writ Ref. NRE).

Appellant also cites the testimony of its own physician, who estimated appellee's disability at between thirty and fifty per cent and who said that with an operation appellee would be cured or greatly improved.

Appellant has not attempted to summarize the evidence offered by appellee and we will not attempt to do so. We will, however, quote one statement of Dr. Patterson, who testified in appellee's behalf: "The physical examination as stated above, with the positive X-ray, pantopaque myelographic studies as listed above, to me prove that this man has a ruptured intervertebral disc at the lumbar 4–5 space bilaterally and at the lumbar 3–4 space on the right side; that he is totally disabled

704

from doing manual work and will be until surgical removal of these discs is accomplished."

Appellant had never suggested that appellee submit to an operation and the evidence shows that the outcome of an operation would be very unpredictable. It might result in a total cure or in a worsening of appellee's condition.

The tenth point is overruled.

Finding no reversible error the judgment of the trial court is affirmed.

Affirmed.